## Speer *against* M'Chesney.

A reference and award have a conclusive effect in determining a dispute about a personal right.

ERROR to the Common Pleas of *Allegheny* county.

John M'Chesney against James A. Speer. This was an appeal from the judgment of a justice. The claim of the plaintiff was for mason-work done for the defendant. The parties disputed about the amount of work done. It appeared on the trial, that before suit was brought, the parties chose John W. Johnston to measure the work, and agreed " to abide by his measurement." The result of his measurement was proved; and the defendant asked the court to instruct the jury that it was conclusive. In answer to which the court said that it was not conclusive, but that the jury must find a verdict upon all the evidence in the cause.

*Robb*, for plaintiff in error, argued that the submission of a question of fact affecting the rights of parties and an award upon it, were just as conclusive as an award settling a disputed account.

*M'Candless, contra.*

The opinion of the Court was delivered by

GIBSON, C. J.—It is evident from an effort perceptible in the earlier cases, to construe awards so as to defeat them, that they were not favoured by the courts. To this cause is to be attributed also their limited effect in operating a transfer of property. In *Hunter* v. *Rice*, (15 *East* 100), Lord Ellenborough remarked, that there is a difference between an award that property be transferred, and an actual transfer of it by the contract of the owner, made through the medium of an agent; yet it seems difficult to understand why an agreement of transfer which the parties

[Speer v. M'Chesney.]

were competent to make in their own persons, may not be made by arbitrators, as their agents, clothed with their powers. The reason may be that an award is executory; but as it may be executed in chancery where it directs a conveyance of land, the distinction between it and a conveyance executed, can be material only as regards an award of chattels, which affords no more than a ground of action to recover damages for a non-performance of it. This, of course, is to be understood of an award at common law; and not of an award where the submission is by rule of court, which may be enforced by attachment. Such, however, was the ground on which this court, in *Davis* v. *Havard*, (15 *Serg. & Rawle* 169), executed an award of freehold pursuant to a submission at the common law. But the limited effect of an award of chattels may have been also the consequence of considering it rather as a judgment than as an agreement; for though a judgment operates conclusively on a contested right, it is not by the exercise of an arbitrary power to take the property of the one and give it to the other. But that an award has the conclusiveness of a judgment in its operation on such a right, whether the property be real or personal, is shown by *Doe* v. *Rosser*, (3 *East* 11), in which an award of land was held, even at law, to conclude the unsuccessful party from again contesting the title—a principle which alone would have been sufficient, had it been necessary to recur to it, for the decision in *Davis* v. *Havard*. In *Doe* v. *Rosser*, the award was allowed to have a greater effect even than a verdict and judgment in ejectment; and it must consequently be allowed to have a conclusive effect in determining a dispute about a personal right. Such is the law, not only in our own state, but in England. Now, in this instance, the matter in variance, was the measurement of a job of mason-work, and the parties agreed to leave the matter to an arbitrator, to re-measure it and settle the amount due for it. He did so; and surely his measurement is conclusive.

Judgment reversed, and a *venire de novo* awarded.