## HENRY HOWARD *v.* CLARK PUFFER.

### [IN CHANCERY.]

*Award.  Mistake.  Misrepresentation.*

An award will not be set aside, in equity, for the reason that the party, without any mistake as to the facts, misapprehended one of the legal consequences of the award.

Neither is it a sufficient reason for vacating an award as to the division line between adjoining farms, that one of the parties, without fraud, made representations to the witnesses and arbitrators, in respect to certain monuments involved in the controversy, which are proved to have been false, but which it does not appear the party then knew to be false, and which, at most, could be but the expression of an opinion derived from very recent acquaintance with the premises.

APPEAL from the court of chancery. The facts are sufficiently stated in the opinion delivered by the court. The court of chancery dismissed the bill; from which decree the orator appealed.

*W. C. Bradley* and *J. Roberts* for orator.

*A. Keyes* for defendant.

The opinion of the court was delivered by

REDFIELD, J. This is a bill in chancery for the purpose of setting aside an award of arbitrators in regard to the boundaries of adjoining lands, owned by the parties. The grounds relied upon in the bill are fraud in representing to the arbitrators and witnesses a false boundary, and thereby inducing witnesses to swear to it, as the true boundary, and the arbitrators to adopt it, as such, and to establish it by their award; secondly, that while the land was in truth the property of the defendant's father, and the plaintiff made the submission with that belief, and not expecting the award would conclude the boundaries of the land, the defendant, by taking a deed of the land before the award, made the award conclusive upon the title, as to the land in dispute. The prayer of the bill is to have the award set aside, and for general relief.

The answer denies substantially both grounds. In regard to the first point, the answer explicitly denies all false or fraudulent representation to the witnesses, or arbitrators, or in regard to the award, or trial. In regard to the second point, the answer alleges, that the defendant agreed with his father to support him during life, and pay the other children $1500, and in the year 1838, having paid most of it, his father made a deed, and took back a life lease, and both writings were lodged in the hands of a third person, for the party entitled to them; and during the hearing before the arbitrators, the

defendant having occasion to use his father as a witness, the plaintiff made objection, on the ground of interest in the land, and to remove that interest the deed was delivered to him, by consent of his father, and all this well known to the plaintiff at the time of and before the award, yet the plaintiff did not revoke. And the answer upon the second ground is fully sustained by the testimony. Under this state of the facts, it is impossible to make any plausible argument, from this part of the case, in favor of setting aside the award. It is at most a case, where the plaintiff, without any mistake in the facts, or any fraud on the part of the defendant, simply misapprehended one of the legal consequences of the award, that is, that it would conclude the title to the land in dispute. This is no more ground for setting aside an award of arbitrators, than any other contract, and we think few persons would claim to extend it to all contracts, unless the old maxim that every man is bound to know the law, is to be abrogated.

The proof, in regard to the other point, goes pretty satisfactorily to show, that the defendant represented the beech tree corner and the hemlock tree corner as being at opposite ends of the same line; which is now confessedly not the fact. But it is not shown, that the defendant did not at the time fully believe his representation to the witness Taft to be the truth. It is probable he did;—and so, also, when he attempted to establish that point before the arbitrators. This of itself shows, that there was no fraud in the matter. And we do not suppose any one is prepared to admit, that an award of arbitrators is to be set aside for alleged mistake, unless upon the most undeniable evidence. And it is not certain, by any means, that this mistake led to any wrong conclusion by the arbitrators. The point had no decisive bearing upon the main question. And now we cannot, with any satisfactory certainty, say, that the arbitrators came to a wrong conclusion. It is perhaps more probable they did not. No one can ever determine the point, as it seems to us, with any degree of certainty. This being the case, we could not set aside the award. The arbitrators had far superior advantages for deciding the point fairly and truly, to any which we have had. The case of *Emerson* v. *Udall*, 13 Vt. 477, is, upon this point, altogether decisive of the case.

There is another reason, why the award should not be set aside for this misrepresentation, that is, it was a matter upon which the defendant possessed no peculiar means of knowledge, and was known by the witnesses and the opposite party to possess none. His knowledge of the localities was altogether of a recent date. It was then folly to rely upon his representations; and the arbitrators did not; for they adjourned for two or three days, to give an opportunity for inspection. The fact, too, which he is charged with misrepresenting, was one readily tested by the observation of others, and upon which the defendant's representations were understood, and must have been from the circumstances, as merely matter of opinion.

The decree of the chancellor is affirmed, with costs.