### JOHN ENNOS *v.* ERVIN PRATT.

*Book Account. Jurisdiction. Award.*

Where the parties had submitted verbally their accounts to arbitration, and the effect of the award and a note, given at the time, upon the whole account was in dispute, and the whole account, exceeding $100, the plaintiff, to test the effect of the said award and note, upon the whole account, and to recover for an item of

$3,20 not passed upon by the arbitrator, brought his action in the county court —*Held*—that the county court, under this state of facts, clearly had jurisdiction, and that the plaintiff is entitled to recover the said item not passed upon by the arbitrator, though the award was held conclusive upon the matters passed ed upon by the arbitrator.

An award, on a parol submission, will be conclusive upon all the matters passed upon by the arbitrator, though the parties misapprehended the legal effect of the submission and award, unless it fairly appears, that the parties did not intend a submission and award, in the common sense of these terms.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported a balance due the plaintiff of $51,20, subject to the opinion of the court, upon the following facts specially reported :

That all the accounts and dealings of the parties were closed on the 26th day of June, 1852 ; that both parties understood at this time, that the defendant was indebted to a considerable amount to the plaintiff; but there was a disagreement between them as to the amount of the balance. That this difference was in regard to many items of the plaintiff's account against the defendant, which was for his work done and performed for the defendant, and both parties claimed to have kept the true account ; the plaintiff in his charges against the defendant, and the defendant by giving the plaintiff credit on his book. That the two accounts differed both as to the prices and the amount of the plaintiff's labor.

That the parties made several ineffectual attempts to settle their accounts and agree on a balance, and for that purpose examined each others accounts, several times, but failing to make a settlement, they agreed between themselves, that they would "leave it to one Ira Marks to make a settlement for them," and that the balance said Marks should find due to the plaintiff, the defendant should give his note for, payable to the plaintiff in one year, and that the plaintiff should receive such note.

That on the 29th day of June, 1852, which was the day, or the day after said agreement was made, the plaintiff and defendant called upon Marks, told him of their agreement, and the terms of it, and requested him to proceed and make a settlement of their accounts. That Marks consented to do so, but informed the parties, that his decision would not be binding, because their agreement was not in writing. That plaintiff, defendant, and Marks

all supposed at the time, that the parties would not be bound, because they had not agreed to the submission in writing.

That Marks, as requested by the.parties, proceeded to made an examination and settlement of the accounts. That the plaintiff did not have his account with him, before Marks, but defendant had his book, which contained not only his own account, but credits to the plaintiff, except a charge of plaintiff's for $3,20 paid by one Lantry, which item was not brought to the notice of the said Marks. That Marks examined the accounts, heard the parties upon all the disputed items, and found due the plaintiff a balance of $112, and wrote a note for that sum, which defendant signed, payable to the plaintiff or bearer, by the first of July then next. (That it was intended by said Marks and the parties that the note should be payable in one year from said first of July.)

That said note was handed to the plaintiff, who expressed great dissatisfaction at the finding of Marks, and wanted to know how he " got at it." That Marks explained the manner in which he adjusted the accounts. That the plaintiff was still dissatisfied at the finding, and laid down the note and said he would not take it; but said Marks told the plaintiff he thought he had better take the note, that it was as near the balance, as he, Marks, could get at it. That plaintiff took the note, still complaining of the decision, and claiming that there was more his due, and stated that he would apply the note on his account as far as it went, and would sue for the balance. That the note thus received by the plaintiff for $112, was a short time after presented to the defendant for payment, and paid by the defendant.

The County Court, April Term, 1853,—PIERPOINT, J., presiding, — upon the facts thus reported, found that there was nothing due the plaintiff, and rendered judgment for defendant; the court also found from the report that the item of $3,20 was not brought to the notice of Marks, but decided that this formed an item in a new account between the parties, and that the court had no jurisdiction to render judgment for the same in this action.

Exceptions by the plaintiff.

*J. B. Bromley* and *D. Roberts* for plaintiff.

I. There is in every valid submission to arbitration an agree-

ment, either express or implied, that the parties shall *abide the award.* *Stewart* v. *Cass*, 16 Vt. 663.

In this case, the parties, both understanding that a parol submission did *not* bind them to abide the finding of Marks, chose that particular form of reference. This was announced to them by Marks as the law upon the matter being submitted to him ; and so this consideration is an essential element in determining whether they *agreed* to abide the award.

The maxim *Indoratia juris, &c.* is limited as in *Brown* v. *Sawyer*, 1 Aik. 130, but here it has no application ; for,

1. The maxim is founded upon the idea that men are in fact acquainted with the law, and contract with reference to it as it is ; but here it is found as a fact that the parties misapprehended the law, and contracted with each other upon the basis of their misapprehension.

2. The misapprehension being mutual neither can claim any thing against the other upon that ground.

3. The law is the contract ; and the contract is the mutual intent ; and it would be extravagant to strain an artificial rule to the overriding of the mutual intent of the parties, and so create obligations which neither intended.

*Again*, the auditor has not found that the parties agreed to abide the award of Marks.

Marks then was but an adviser or conciliator ; his office, as understood being rather to bring the parties together by a moral influence than bind them by legal coercion.

If Marks is to be treated as an arbitrator with the ordinary powers of an arbitrator then his award did not follow the submission ; for he drew the note payable at an earlier time than that named in the agreement.

II. The circumstances attending the receipt of the note show clearly that plaintiff did not receive it as payment of his full account, and that his receipt of it was no recognition of the finding of Marks as an award. *Miller* v. *Holden*, 18 Vt. 337.

They show more than this,—the plaintiff receiving the note under an express reservation of his claim to the balance, and the defendant not objecting, his assent to the condition is to be implied. *Gassett* v. *Andover*, 21 Vt. 342.

The defendant himself, therefore did not recognize the finding of

Marks as an award of an arbitrator.  His payment of the note up-
on presentation shows the same thing.

If therefore we could call this under any circumstances a bind-
ing award, the matter was thrown open by the mutual action of
the parties in respect to the note.

III.  The item of $3,20, "was not brought to the notice of, or
adjudicated upon, by Marks."  It was not then barred by his
award.  *Rowe* v. *Farmer*; *Golighty* v. *Jellicoe*, 4 T. R. 146.
*Buck* v. *Buck*, 2 Vt. 417.

Even a judgment bars only what is adjudged.  *Seddon* v. *Yu-
top*, 6 T. R. 607.  *Briggs* v. *Brewster*, 23 Vt. 100.

The same in book account,—*McLaughlin* v. *Hill*, 6 Vt. 20.
BENNETT, J., in *Nichols* v. *Scott*, 12 Vt. 50.  It is said in *Hodges*
v. *Hosford*, 17 Vt. 615, that a settlement of book accounts is as
conclusive as a judgment.  And yet in settlement of accounts and
receipts in full executed, items not actually considered and adjust-
ed in the settlement are recoverable by action.  *Nichols* v. *Scott*,
12 Vt. 47.

It would seem absurd to give greater force to this " settlement
for them," made by Marks, than would belong to a settlement made
by the parties without the aid of Marks.

IV.  But the county court did not regard this item as barred by
the award, but as an item in a new account, and so not within the
original jurisdiction of the county court.

But the debit side of the  plaintiff's book determines the juris-
diction, and this is to be determined by inspection.  *Stone* v. *Wins-
low*, 7 Vt. 338.  *Nichols* v. *Packard*, 16 Vt. 91.

The plaintiff had the right to test the validity of Mark's award
before some court.  As the note was not applicable as payment
of any specified items, he must present his whole account; but
this is beyond a justice's jurisdiction.

When therefore he sues in the county court, he sues in the only
court which has apparent jurisdiction.  To deny jurisdiction then,
involves the error that the jurisdiction is dependent upon evidence
as to the justice of the claims, as present subsisting demands, rath-
er than upon the amount of them as claims ; and involves the
absurdity of requiring the plaintiff to give up his claims without a
trial.

*F. Potter* and *Edgerton & Allen* for defendant.

The acceptance of the defendant's note by the plaintiff was in pursuance of a previous agreement of the parties, that the same should be in full of the plaintiff's account, and a final settlement between the parties, and the statement made by the plaintiff "that he would apply the note as far as it went," &c., was made after he had received the note. Such a state of facts, amounts to a satisfaction and discharge of the plaintiff's account. *McGlynn* v. *Billings,* 16 Vt. 329. *McDaniels* v. *Lapham,* 21 Vt. 222. *Russell* v. *Hawkins,* 23 Vt. 561.

The report finds, that the plaintiff's account was for his work and labor. The item of $3,20, for so much paid by Lantry is to be presumed to be work performed by Lantry while supplying plaintiff's place, and the whole account being of a particular character was barred by the proceeding before Marks, even if every item was not presented before him. *Briggs* v. *Brewster,* 23 Vt. 100.

The presumption is that the item was adjudicated by Marks in the gross item for four months labor, which appears in the plaintiff's account, though not presented before Marks as a distinct item.

The auditor did not find as a fact, that the item was not adjudicated by Marks, but only that it was not on the defendant's book, and that it was not proved to him that it was so adjudicated.

But the county court had not jurisdiction of the item; an account which is barred by a settlement, a judgment, or an award, is not available for the purpose of giving jurisdiction. *Gilson* v. *Sumner,* 6 Vt. 163. *Spear* v. *Peck,* 15 Vt. 566.

An omitted item forms an item in a new account. 5 Vt. 91. 13 Vt. 191. 5 Vt. 451. 11 Vt. 214. 17 Vt. 615.

The opinion of the court was delivered by

REDFIELD, Ch. J. In regard to the charge not passed upon by the arbitrator, there can be no doubt of plaintiff's right to recover. And, as he wished to try the effect of the award and note upon the whole account, he must have brought an action, upon the whole account, which he could only do at the county court, so that most obviously that court had jurisdiction of the case, and the plaintiff is entitled to recover the $3,20, in this action.

In regard to the effect of the arbitration and the execution of the note and acceptance and collecting of it, by the plaintiff, there is perhaps more difficulty. The arbitration seems to have been an ordinary parol submission, in the first instance, and the parties were bound to know that the legal consequence would follow an award, that it would bar the matters discussed and determined.

It would scarcely be allowable to avoid the effect of an award of arbitrators, by showing that the parties did not know, that by law it was conclusive, upon the matters passed upon, by the arbitrator. And showing that they were told, and believed it would not be, is much the same thing, unless we can fairly say, that under the circumstances, the parties did not intend a submission, and award, in the common sense of these terms, but only to have the person, look over the accounts and help them settle.

In regard to the execution and delivery of the note and receiving payment of the same, it undoubtedly has a strong tendency to show that the parties acquiesced, in the award, as final. But taken alone, aside from the submission and award, it could scarcely amount to a conclusive settlement of the account. For the plaintiff protested, at the time, that he would not take the note, in full satisfaction of the balance due, but only as far as it went, and would sue for the balance. This part of the case must turn mainly, upon the effect of the submission and award, and the acquiescence of the parties, in its finality.

Our examination, and reflection upon this case, satisfies us, that the award should be held final, to the extent of the matters passed upon. It seems to have been an ordinary submission and award, with this difference only, that the arbitrator expressed an opinion when called upon to make the settlement, that it would not be conclusive upon the parties, unless the submission were reduced to writing. The parties nevertheless requested him to proceed, and determine the balance, and he did, and the auditor states, as an inference it would seem probable, that the parties supposed, after the advice of the arbitrator, that the award would not be legally binding upon them. There is nothing in the case tending to show that they did not agree to abide the settlement, but the contrary, for defendant was to give his note, for the balance, and plaintiff to accept it, which was indeed done, but finally under protest. There is nothing to raise any doubt, that until the award was made, both

parties expected, and intended, to abide the award, supposing, to be sure, that the arbitrator knew the law, and that they were not *legally bound* to abide it.

The case seems to me, in principle, not very different from that of any other contract, where the party understandingly assumes, in terms, an obligation upon himself, but in a form, which he supposes, at the time, upon good advice, if you please, the law will not enforce. A case, which is quite supposable to occur ; one agrees to purchase land, at a given price, and takes possession and proceeds to make valuable improvements both parties to the contract supposing the statute will not allow such contract to be enforced, not knowing that equity, after a substantial part performance, will enforce such contracts, but each relying upon the contract, and the good faith of the other party to perform it; could it be fairly argued that such a case differs from the ordinary case. Or, we may suppose that a party agrees to give more than personal property is fairly worth, not supposing he is bound by the stipulation. Or in receipting property, attached on mesne process, a price is affixed in the receipt neither party supposing it to be conclusive, or in settling a controversy a note is given for the supposed balance, both parties believing the matter subject to farther revision. Shall such mistakes of the law affect the rights of the parties ? It really seems to me they cannot, unless all mistakes of law are to avail the party in excuse, which is certainly not the law, upon the subject.

The best construction I have been able to give this portion of the case inclines me to believe, the award must be held conclusive, of all matters passed upon by the arbitrator, notwithstanding the misapprehension of the parties in regard to the law. This portion of the case is, I think, really decided, by that of *Howard* v. *Puffer*, 23 Vt. 365, where it is held, that it is no sufficient ground of setting aside an award, by a court of equity, that one of the parties, without any mistake, as to the facts, misapprehended one of the legal consequences of the award, and that, the most important of all its effects, to wit, settling the title of the land in dispute.

Judgment reversed, and judgment on report for $3,20, and interest from the time of the report being made.