## P. F. LINDH v. J. W. CROWLEY.

CAUSES OF ACTION, *Misjoinder of.* Where the cause of action on a promissory note against one maker has already, and prior to the commencement of an action against the other makers, been merged in a judgment in a court of competent jurisdiction of the state, it is a misjoinder of actions to unite with an action upon the note against the makers not before sued an action against the party upon the judgment rendered.

### *Error from Saline District Court.*

AT the August and November Terms, 1880, of the district court, defendant *Crowley* obtained certain orders and judgments against plaintiff *Lindh*, who brings them here for review. The opinion states the facts.

*John Foster*, and *Lovitt & Wilson*, for plaintiff in error.

*Garver & Bond*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 14th day of July, 1879, plaintiff in error filed three separate bills of particulars with E. L. Norton, a justice of the peace in Saline county, against Charles F. Freeman and Mary Crowley, partners as Freeman & Co. In the one action he demanded judgment upon a promissory note dated September 18, 1878, executed by Freeman & Co. for $260, with interest at ten per cent. per annum. In another action he demanded judgment against the same defendants upon a promissory note executed November 15, 1878, for $270, with interest at the rate of ten per cent. per annum. In the third action he demanded judgment against the same defendants upon a promissory note dated February 1, 1879, for $280, with interest at ten per cent. per annum. On July 14, the defendant Charles F. Freeman appeared and confessed judgment in the said several actions. On July 21, 1879, the defendant Mary Crowley filed a motion to set aside the said several judgments so entered upon the confession of her co-defendant. On July 24, 1879, the motions were heard, and the judgments as to Mary Crowley were set aside and held for naught, but were allowed to stand as personal judgments against Charles F. Freeman. On the 9th day of September, 1879, the plaintiff filed his petition against Charles F. Freeman, Mary Crowley, and the defendant in error, J. W. Crowley, in the district court of Saline county, alleging among other things, that Charles F. Freeman and Mary Crowley were partners as Freeman & Co., and further alleging that J. W. Crowley was the real partner in interest in said partnership, and conducted his interest in the name of Mary Crowley. The petition also alleged the execution by Freeman & Co. of the three promissory notes above named, and that said Charles F. Freeman confessed judgment in separate actions on said notes for himself and Mary Crowley before a justice of the peace; that said judgments were afterward set aside as to Mary Crowley, and held only against Charles F. Freeman. Certi-

fied copies of the docket of the justice of the peace before whom confessions had been made by Charles F. Freeman, were attached to and made a part of the petition. On February 25, 1880, defendant J. W. Crowley filed a motion to require the plaintiff to make his petition more definite and certain by separately stating and numbering the several causes of action contained in the petition, and also to require him to state whether his action was founded upon the judgments, or upon the notes mentioned in the petition. At the August term, 1880, of the district court, the motion was sustained, and plaintiff given thirty days to amend the petition. On the 13th day of November, 1880, by consent of defendant, plaintiff complied with the order of the court, and' filed an amended petition containing substantially the statement of facts set forth in his original petition, except that in each cause of action he alleged that his cause of action as to said defendants J. W. Crowley and Mary Crowley was founded upon the promissory notes set forth in the petition; and as to Charles F. Freeman, his cause of action was founded upon the judgments as therein set forth. The defendant demurred to the amended petition, for the reasons that several causes of action were improperly joined, and that there was a defect of parties defendant. The demurrer was sustained by the court, exceptions taken, and the plaintiff brings the case here.

Two allegations of error are presented to us: First, that the court erred in sustaining the motion of defendant to make the original petition more definite and certain; second, that the court erred in sustaining the demurrer to the amended petition. It is not necessary for us to pass upon the first allegation of error, because the defendant, in filing his amended petition, and complying with the order of the court, waived any right to complain of the order. Having filed his amended petition, no substantial right of his in the case has been thereby prejudicially affected. We perceive no error in the decision of the court sustaining the demurrer. The amended petition set forth the cause of action against J. W. Crowley and Mary Crowley upon certain promissory notes. The cause of action

4 — 26 KAS.

on the notes as to Charles F. Freeman had already, and prior to the filing of his original petition in the district court, been merged in the judgments upon his own confession; therefore, Freeman was no proper party to the action upon the notes against J. W. Crowley and Mary Crowley. Conceding that under the authority of *Burnes v. Simpson*, 9 Kas. 658, an action can be maintained against Freeman upon the judgments rendered before the justice of the peace, and then in full force, the plaintiff could not properly unite the causes of action against J. W. Crowley and Mary Crowley upon the notes with the causes of action against Freeman upon the judgments. It will not do to unite in one pleading a cause of action against two or more with a cause of action against a part of the defendants only. (*Brenner v. Egly*, 23 Kas. 123.) The decision and judgment of the district court will be affirmed.

All the Justices concurring.