John T. Groat v. Fred. Pracht, *et al.*

1. Arbitration; *Effect of Award.* An award, though made upon a mere common-law arbitration, is *prima facie* conclusive between the parties as to all matters submitted to the arbitrators; and such award is generally a bar to an action on the original claim, and this notwithstanding defendant has failed to comply with its requirements. Arbitrations ought to be encouraged, and an award of arbitrators, if unimpeached for fraud or mistake, should be sustained.

2. Award — *Bar to Action.* Where the plaintiff's claim is simply for money due for materials and labor on a building of the defendant, and it appears that the matters in respect to such building were submitted to arbitrators, who made an award that defendant give a check for a certain amount, surrender a certain note, and receipt two accounts — one against the plaintiff, and one against his father-in-law — *held,* that whatever exceptions may exist to the general doctrine of the merger of a claim in an award, this is not one, and that such award is a bar to an action on the original claim.

### *Error from Marion District Court.*

Action by *Groat* against *Pracht* and others, to foreclose a mechanics' lien. At the November Term, 1882, the defendants recovered a judgment for costs against the plaintiff. He brings the case here. The opinion states the facts.

*Doster & Bogle,* for plaintiff in error.

*C. Reed,* for defendants in error.

The opinion of the court was delivered by

Brewer, J.: Plaintiff in error filed his petition in the district court to foreclose a mechanics' lien on the property of defendants in error. The petition set out the building contract, the statement for a lien as filed, and alleged a balance due of $267.36, for which he prayed for a judgment and a foreclosure of the lien. The defendants answered, setting up an arbitration, besides other matters. So much of the answer as refers to the arbitration matter is as follows:

"That on or about the 28th of February, 1881, the plaintiff and defendants agreed to and did submit to certain arbitra-

tors all the plaintiff's claims against the defendants existing
by reason or growing out of any, every and all the matters
and things alleged in the petition, and also a claim by de-
fendants that they had satisfied the same and all of said
claims; and said plaintiff and defendants then and there
agreed that such submission and the award of said arbitra-
tors thereunder should be final between plaintiff and de-
fendants; that in pursuance of said agreement, plaintiff and
defendants presented their respective said claims and proofs
before said arbitrators, who having duly heard and consid-
ered the same, did, on the 28th day of February, 1881, ren-
der their award therein, whereby they determined and decided
that the plaintiff should deliver to said arbitrators, for deliv-
ery by them to said plaintiff, their (the defendants') check
for $117.50, and also a promissory note for $30.50 in favor
of John Dole, and signed by the plaintiff; and that the de-
fendants should also deliver to the plaintiff the receipts in
full of two book accounts, one of which was in favor of the
defendants against the plaintiff, and the other in favor of the
defendants against H. Gerstenkorn, the father-in-law of said
plaintiff, and that thereupon the plaintiff should receipt in
full for his said claims against the defendants; that there-
upon the plaintiff and defendants accepted and ratified the
said award, and the defendants fully complied with the terms
imposed upon them by said award, and delivered said check
and note and receipt as required by said award, and that said
arbitrators immediately delivered said check and note to said
plaintiff, to whom defendants immediately paid the amount
of said check, and that said plaintiff accepted and received
said check, note, receipts and the amount of said check in
full satisfaction and discharge of all the said claims of plain-
tiff, and in full satisfaction and discharge of the cause of
action alleged in the petition; that all the facts hereinbefore
alleged took place before the commencement of this action."

To this the plaintiff filed this reply:

"The plaintiff admits that all the matters of difference
between himself and defendants were submitted to arbi-
trators, as alleged in defendants' answer, and that said
arbitrators made an award as alleged in said answer; but
plaintiff denies all the other allegations of said answer, and
further says that said defendants have refused to comply
with the terms of said award, though often requested to
do so."

Upon these pleadings the defendants moved for judgment, which motion was sustained by the court, and plaintiff alleges error.

But a single question arises, and that is one of merger: Was the plaintiff's original claim so far merged in the award that no action could be maintained upon it? Merger is defined to be the absorption or extinguishment of one estate or contract in another. (2 Burrill's Law Dict., p. 194.) That if a simple claim for money is once put in judgment the claim is merged in the judgment, so that no action can be maintained on the former, is unquestioned. (*Lindh v. Crowley*, 26 Kas. 47.) Indeed, some authorities have gone so far as to hold that when the original debt is tainted with fraud, and therefore not dischargeable by bankruptcy proceedings, yet if such debt be put in judgment that judgment will be barred by the discharge of the bankrupt, and no inquiry be permitted into the nature of the cause of action on which the judgment was based.

On the other hand, where a mere account for money is settled by the giving of a note, that account is not necessarily satisfied by the note, and an action may be maintained on the account; though even then, if parties agree, the note may be taken as payment and the account is then merged in the note. (*Medberry v. Soper*, 17 Kas. 369.) An arbitration and award is intermediate the two settlements by note and judgment. In some respects it partakes of the nature of each. If it be an arbitration under the statute, with the agreement to make the submission a rule of court, it partakes much of the nature of judicial proceedings; and certainly when the award has been filed in the court it will be difficult to give reasons why the claim is not merged in the award as in an ordinary judgment. This, however, was not such a proceeding, but only a common-law arbitration. This partakes on the one hand of the nature of a judgment, in that it is the determination of those who are *quasi* judges selected by the parties therefor, and on the other hand, it partakes of the nature of a mere settlement, as it is a voluntary agreement for the adjusting

of differences, and the award may be regarded as simply the contract settlement between the parties. So that it has not been universally held in all cases that such an award is a merger of the claim and a bar to an action thereon. Yet arbitration proceedings ought to be encouraged; and, so far as is consistent with the preservation of the rights of the parties, full force and effect should be given to them.

As a general proposition, we think it may be be laid down that an award is a merger of the original claim, and a bar to a suit thereon. (*Miller v. Brumbaugh,* 7 Kas. 352; *Coleman v. Wade,* 6 N. Y. 44; *Brazill v. Isham,* 12 id. 9; *Armstrong v. Masten,* 11 Johns. 189; *Conger v. Dean,* 3 Iowa, 463; *Burns v. Hindman,* 7 Ala. 531; *Greene v. Darling,* 5 Mass. 201; *Richardson v. Lanning,* 26 N. J. L. 130; *Spear v. McChesney,* 2 Watts & S. 233; *Ennos v. Pratt,* 26 Vt. 630; *Dolph v. Clemens,* 4 Wis. 181; *Rodgers v. Holden,* 13 Ill. 293; *Tevis v. Tevis,* 4 T. B. Mon. 46; *Evans v. McKinsey,* 6 Litt. 262; *Duren v. Gretchell,* 55 Me. 241; *Warfield v. Holbrooke,* 20 Pick. 531; *Jessiman v. Iron Co.,* 1 N. H. 68; *Pickering v. Pickering,* 19 id. 389; *Preston v. Whitcomb,* 11 Vt. 47; *Rexford v. Nye,* 20 id. 132; *Robinson v. Morse,* 26 id. 392; *Babcock v. School District,* 35 id. 250; 1st series U. S. Digest, vol. 1, p. 636, ¶ 864, and cases cited therein.)

It is doubtless true, however, as has been stated, that this rule has not been enforced in all cases, and that some exceptions have been attempted to be engrafted upon the general rule. (6 Wait's Act. & Def., p. 550, § 24.)

Conceding full authority to these exceptions, and still we think the ruling of the district court must be sustained. It is said, first, that if only the amount of the debt is submitted and the award simply ascertains the amount and directs its payment in money, no new duty arises; second, that if the award only directs a release to discharge the old duty, the old duty is not merged therein; and third, that when the award is not reciprocal, as where it directs that the party shall accept without awarding performance by the other, the original claim is not merged in the award. Here the original

claim was for money, but the award directs the surrender of a note, the giving of a check, and the receipt of two book accounts. Obviously, this is more than merely ascertaining the amount due, and directing its payment in money. It is not simply ordering a release or the defendant's discharge of an old duty, and it directs performance of several things by one party for the purpose of obtaining a discharge of the claims of the other. It will not do to say that the award of these things by the arbitrators was simply the recognition and enforcement of an old duty, for the claim as made is for payment in money, and that claim is adjusted otherwise than by directing a payment in money. Nor can it be said that the award was outside the terms of the submission, for that, according to the allegations, was very broad and general, and every presumption is to be made in favor of the correctness of the award. (*Tomlinson v. Hammond*, 8 Iowa, 40; *Dolf v. Clemens*, 4 Wis. 181.)

We conclude, therefore, that even if the exceptions named by counsel must be regarded as sound in law, yet the facts in this case do not bring it within either one.

The ruling of the district court was correct, and must be affirmed.

All the Justices concurring.