THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY *et al.* v. THE BOARD OF COMMISSIONERS OF SUMNER COUNTY *et al.*

51 617
60 388

51 617
63 438
63 439

51 617
68 156

51 617
70 295

51 617
71 549

1. ACTION—*Misjoinder of Causes—Practice.* The petition of plaintiff erroneously grouped and blended together in one general allegation several causes of action, and the motion of defendants to separately state and number them, as well as to make the averments thereof more definite and certain, should have been sustained.

2. TWO ACTIONS, *not to be United.* A cause of action in favor of the plaintiff and against one defendant cannot be united with another cause of action in favor of the same plaintiff against another defendant, where neither defendant is interested in the cause of action alleged against the other.

3. CORPORATE WRONGS—*Action by Stockholder, When.* Before a stockholder in a corporation can maintain an action in his own name to obtain a remedy for wrongs committed against the corporation, it must appear that the stockholder has in good faith but without success attempted to secure action by the directors or managing officers of the corporation, or that demand for their action would be unavailing.

4. CORPORATIONS—*Consolidation—Action to Try Validity, by Whom Brought.* Where several railway companies have entered into articles of agreement for consolidation, and have observed the forms of the statute in such organization, and filed the articles of agreement with the secretary of state, and the consolidated company has for a considerable time assumed to be and to act as a corporation, an inquiry into the invalidity or nonexistence of the consolidation can only be brought by the proper prosecuting officer in the name of the state.

*Error from Sumner District Court.*

ACTION by the *County Board* of Sumner county and another against the *Atchison, Topeka & Santa Fé Railroad Company* and others. Judgment for the plaintiff, at the September term, 1891. The defendants come to this court. The opinion states the nature of the action and the material facts.

*Geo. R. Peck, A. A. Hurd,* and *C. N. Sterry,* for plaintiffs in error:

1. The demurrer should have been sustained, upon the ground of a misjoinder of causes of action in plaintiff's petition. A motion to make more definite and certain by separately stating and numbering the several causes of action, etc., was duly filed, argued, overruled, and excepted to. Under the rule established by this court in *Stewart v. Balderston,* 10 Kas. 131, the petition should be construed as if each cause of action was separately stated and numbered, as required by the motion.

2. The court erred in overruling the fourth ground of demurrer, as the petition wholly failed to state facts sufficient to constitute any cause of action against the demurring defendants and in favor of the plaintiff. It seems to us that the rule stated by this court in the case of *Stewart v. Balderston,* supra, should be applied in considering this demurrer upon this ground; and that only the facts stated in this petition which are well pleaded should be considered, and that the allegations of the petition should be taken most strongly against the pleader, although it makes very little difference, practically, so far as this proposition is concerned. See 2 Beach, Priv. Corp., § 885, and authorities there cited.

The fact that some of the officers of the Fort Smith company were officers and agents of the Atchison company cuts no figure in this case. *A. T. & S. F. Rld. Co. v. Davis,* 34 Kas. 209; *S. K. & P. Rld. Co. v. Towner,* 41 id. 78.

Again, this whole transaction, on the face of it, was and is

barred by the statute of limitations, as it must have taken place at some point of time between the incorporation, in October, 1878, and the consolidation, alleged to have taken place on the 6th of September, 1882; and no facts whatever are stated to prevent the bar of the statute from running.

The next alleged wrong is the delivering to the Atchison company by the secretary of the Fort Smith company of a certificate for 11,994 shares of the capital stock of the Fort Smith company, of the face value of $1,199,400. The allegations of conclusions stated as reasons why the contract is void are wholly insufficient to show a void contract. *The State, ex rel., v. Williams,* 39 Kas. 517. See, also, *Brown v. City of Atchison,* 39 Kas. 37, and cases there cited; *City of Ellsworth v. Rossiter,* 46 id. 237; *Town Co. v. Morris,* 43 id. 282; Mor. Priv. Corp., ¶¶ 632, 634; *The State, ex rel., v. Comm'rs of Nemaha Co.,* 10 Kas. 578.

The proposition that, when a consolidation took place, the old ceased to exist and the new was created as an entirely separate and independent corporation, was emphatically affirmed by this court in the case of *K. O. T. Rly. Co. v. Smith,* 40 Kas. 192. See, also, *Shields v. Ohio,* 95 U. S. 319; *Railroad Co. v. Georgis,* 98 id. 362; *Palace Car Co. v. Mo. Pac. Rld. Co.,* 115 id. 587, and cases there cited; Mor. Corp., §§ 939–956; Beach, Corp, §§ 338–356; *Terhune v. Potts,* 47 N. J. L. 218; *Bell v. P. & N. E. Rld. Co.,* 10 Atl. Rep. 741; *Rice v. National Bank,* 126 Mass. 303; *North v. The State,* 8 N. E. Rep. 159; *Baker v. Administrator,* 32 Ill. 110; *C. K. & W. Rld. Co. v. Comm'rs of Stafford Co.,* 36 Kas. 102; *In re Short, Petitioner,* 47 id. 250; Cook, Corp., § 632; *A. C. & P. Rld. Co. v. Comm'rs of Phillips Co.,* 25 Kas. 273; *Fee v. Gas Co.,* 35 La. Ann. 413.

*P. V. C. Pool,* county attorney of Sumner county, for defendant in error; *James Lawrence,* and *W. W. Schwinn,* of counsel:

The position of this defendant in error, plaintiff below, is, that there are only such causes of action pleaded in its peti-

tion as may be properly joined in one action, and these each show a right to an accounting with the Atchison, Topeka & Santa Fé Railroad Company, and to recover such moneys as the Atchison, Topeka & Santa Fé Railroad Company has in its hands justly belonging to the county of Sumner, by reason of its interest in the Cowley, Sumner & Fort Smith Railroad Company. And in order to show that there are only such causes of action pleaded, or attempted to be pleaded, so far as the allegations of fact in the petition are concerned, we will call the court's attention to the following facts:

[After stating certain facts, counsel continued.]

So, it seems to us that there is a clear and unquestionable right, under the facts as above related, all of which are set out in the plaintiff's petition in the court below, in the Cowley, Sumner & Fort Smith Railroad Company to call upon the Atchison, Topeka & Santa Fé Railroad Company for an accounting, and require it to show what the real cost of the construction of the line of railroad built by it was, and to pay over to the Cowley, Sumner & Fort Smith Railroad Company every dollar of the $1,098,600, over and above the actual cost of the railroad.

We think this state of facts also shows the right of the Cowley, Sumner & Fort Smith Railroad Company to call on the Atchison, Topeka & Santa Fé Railroad Company for an account of all earnings of the Cowley, Sumner & Fort Smith railroad, from the time it went into operation to the time of the bringing of this suit. While the prayer of the petition in the court below embraces demands for other relief, still, we believe the facts, as pleaded in the petition, show a right to this relief; and the simple fact that the prayer demands relief that the court cannot give under the petition does not render the petition objectionable or demurrable on the ground that there are several causes of action improperly joined. The prayer is not such a part of the petition as to render the petition demurrable on the ground of a misjoinder, because the prayer is for other relief than that to which the petition shows the plaintiff entitled.

While the doing away with these offices and of the organization of the Cowley, Sumner & Fort Smith Railroad Company was an act that would bind no one, and could bind no one who owned any stock in the Cowley, Sumner & Fort Smith Railroad Company, yet the physical fact existed at the time of the bringing of this action that, by reason of the contract and agreement of consolidation, there had ceased to be any corporate organization of the Cowley, Sumner & Fort Smith Railroad Company. And this rendered it impossible for this defendant in error to apply to said company to bring an action to right ,the wrongs of which it complained in the court below, and useless to attempt to procure the bringing of an action by the Cowley, Sumner & Fort Smith Railroad Company to recover what had wrongfully been taken from it by the Atchison, Topeka & Santa Fé Railroad Company. And where it is impossible or useless for a stockholder to apply to the corporation, the stockholder may bring a suit. See Green's Brice's Ultra Vires, p. 645, note A; Cook, Stock and Stockholders, § 674; Mor. Corp., 2d ed., § 242.

The petition shows that the county of Sumner and the county of Cowley were and are the only stockholders of the Cowley, Sumner & Fort Smith Railroad Company. These two counties held all the stock that was ever properly or legally issued to anyone. The issuing of 11,994 shares of the capital stock of that company to the Atchison, Topeka & Santa Fé Railroad Company did not confer on the Atchison, Topeka & Santa Fé Railroad Company any rights whatever. And the possession of those shares of stock did not give the Atchison, Topeka & Santa Fé Railroad Company any power to interfere with the affairs of that company, or to acquire any rights to its property.

In order for any statute of limitations to constitute a bar to a right of action, there must be some color of right in the person who sets it up at the time his pretended right began. No person who acquires possession of any kind of property can set up the statute of limitations as a bar to an action, unless there was some element of right or legal possession or ti-

tle in him at the time when the statute of limitations would, in proper cases, commence to run. And no scheme or trick or legerdemain which he may adopt, after he has wrongfully obtained possession, will ever constitute a foundation for starting the statute of limitations to run in his favor. See *Sheldon v. Donohoe*, 40 Kas. 346; *Reihl v. Likowski*, 33 id. 515; 13 Am. & Eng. Encyc. of Law, pp. 683–686, both text and notes.

The plaintiffs in error in their brief say, "the fact that some of the officers of the Fort Smith company were officers and agents of the Atchison company cuts no figure in this case," and cite *A. T. & S. F. Rld. Co. v. Davis*, 34 Kas. 209; *S. K. & P. Rld. Co. v. Towner*, 41 id. 78. The first case cited only decides that the fact alone that one railroad company is a stockholder of another company, or the holder of some of its bonds, or the guarantor of its bonds, does not, of itself, make it the principal, and the company whose stock or bonds are held or guaranteed the agent, so as to bind the company holding or guaranteeing the stock or bonds for the liabilities of the other company. What bearing this decision can be supposed to have on the case at bar, we are unable to understand. The second case cited decides that the fact that the officers of one railroad company are the officers of another does not destroy the corporate character or existence of either company, and decides nothing more that could possibly, even by counsel for plaintiffs in error, be supposed to have any bearing on this case.

All the authorities cited by the counsel for plaintiffs in error, for the purpose of showing that this defendant in error cannot question the consolidation of the companies, are decisions in cases where there had been a consolidation by the stockholders — where some one having some right to exercise authority in regard to the business of the corporation has procured the consolidation.

It is claimed by plaintiffs in error that, as the Atchison company built the line of road for the Fort Smith company in consideration of the bonds turned over to it and the stock

of the Fort Smith company, therefore, the Fort Smith company cannot recover the price paid until it pays for building the road, and cites 39 Kas. 37; 46 id. 237; and 43 id. 282, in support of this position. In answer to this we will say, that we concede that if the Atchison company had stood in such a relation to the Fort Smith company that it could contract with it, then there would be force to its claim; but the facts set out in the petition show that the Atchison company could not contract with the Fort Smith company so as to bind it, because there was no mind to consent or dissent on the part of the Fort Smith company. It takes two to make a bargain, and in this pretended bargain there was but one.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought in 1885, by the board of county commissioners of the county of Sumner against the Atchison, Topeka & Santa Fé Railroad Company, the Cowley, Sumner & Fort Smith Railroad Company, and the Wichita & Southwestern Railway Company; and the petition first filed was afterward amended by adding allegations of fact, and the naming of additional defendants. In September, 1887, a third amended petition was filed, in which the Harvey County Railroad Company, the Wichita & Southwestern Railroad Company, and the board of county commissioners of Cowley county were named as defendants. Motions were made to require the plaintiff to separately state and number the causes of action contained in the petition, and to make more definite and certain the allegations embraced therein. These motions were overruled, after which a demurrer to the petition was filed by two of the defendants, alleging, among other grounds, a defect of parties defendant, the improper joinder of several causes of action, and that sufficient facts were not stated to constitute a cause of action against either of the defendants. The demurrer was overruled, and these rulings are assigned as error.

In the amended petition, it is substantially alleged that the Atchison, Topeka & Santa Fé Railroad Company, (which for

convenience will hereafter be designated the "Atchison" company,) the Cowley, Sumner & Fort Smith Railroad Company, (which for the same reason will be referred to as the "Fort Smith" company,) the Harvey County Railroad Company and the Wichita & Southwestern Railroad Company were corporations organized, existing and doing business as such under the laws of Kansas; and that, in October, 1878, the president, vice president, treasurer and secretary of the Atchison company, each of whom was a director and shareholder in said company, together with two of its attorneys, associated themselves with six other persons and incorporated the Fort Smith Railroad Company. It is alleged that the county of Sumner subscribed to the capital stock of the Fort Smith company, and issued its bonds in the sum of $172,600 to aid in the construction of the road, receiving in exchange therefor an equal amount of the stock of the company, and that the county of Cowley, for the same purpose, subscribed to the capital stock of the company in the amount of $128,000, and issued and delivered to the company the bonds of the county in a like amount.

It is then alleged that the officers, directors and attorneys of the Atchison company heretofore named, together with those with whom they were associated, appointed themselves as the officers and directors of the Fort Smith company, and have since continued in the control of the latter company, and that in August, 1879, the Fort Smith company, at the instance of the Atchison company, mortgaged the railroad built and to be built under the charter of the Fort Smith company in the sum of $798,000 to two persons who were officers and stockholders in the Atchison company, who thereafter received from the sale of the bonds their face value, which was in amount equal to $8,000 for each mile of the road built. It is then alleged that the Fort Smith company sold the municipal bonds received from the counties of Sumner and Cowley, and received therefor the sum of $300,600, which, with the amount received from the sale of the mortgage bonds, was wrongfully turned over and placed in the treasury of the

Atchison company. It is alleged that the cost of the road constructed by the Atchison company for the Fort Smith Railroad Company, including all of the track, buildings, bridges, etc., did not exceed the sum of $5,000 per mile, or a total cost of $480,000.

It is next alleged that the officers and directors of the Fort Smith company executed and delivered to the Atchison company 11,994 shares of its capital stock without any real consideration having been paid therefor, and that the Atchison company has never paid nor given anything of value for the stock so transferred to it. The transfer is alleged to have been made in order to enable the Atchison company to manage and control for its own benefit the business and affairs of the Fort Smith company. It is further alleged, that the bonds and stocks so paid over and transferred to the Atchison company were transferred under a pretended contract, made with the treasurer of the Atchison company, whereby the Atchison company subscribed for the capital stock of the Fort Smith company, upon the agreement to build and construct the road of the Fort Smith company, in consideration of receiving the aforementioned mortgage bonds, municipal bonds, and capital stock. It is alleged that the contract is void for the reason that it was unjust, was made by persons who were stockholders and officers of each of the contracting parties, was entered into in order that the Atchison company might absorb the receipts and earnings of the Fort Smith company, to the exclusion of the *bona fide* stockholders of Sumner and Cowley counties. It is next alleged that, on September 6, 1882, the Fort Smith company, the Atchison company, the Wichita & Southwestern Railroad Company, and the Harvey County Railroad Company, without the consent of the county of Sumner, entered into an agreement of consolidation, under the name of the Wichita & Southwestern Railway Company, which agreement was approved and ratified by two-thirds of the capital stock of the companies; but it is averred that the consolidation was unlawful and invalid because the officers, directors and stockholders of the Atchi-

son company owned and controlled the stock in the several companies consolidated, and that it was entered into for its own benefit.

It is next alleged that, on October 20, 1885, the Wichita & Southwestern Railway Company leased the railroad, lands, buildings and other property of the consolidated company to the Atchison company, from 1883 to 1979. It is stated that the lease was made at the instance and for the benefit of the Atchison company, and that the officers of one company held similar positions in the other; and for that reason, as well as others, it is alleged that the lease was invalid; and further, that the county of Sumner had never ratified or consented to the lease, and had no notice of the making of the same until about the time of the commencement of this action. It is further averred, that in October, 1885, the Atchison company, without the consent of the county of Sumner, obtained possession of the certificates or shares of the capital stock owned by the county in the Fort Smith company, and after the Atchison company had been notified that the county of Sumner would not ratify the consolidation, and would not surrender its stock, but that it neglects and refuses to surrender and turn over to the county the certificates so wrongfully obtained and held. It is then averred that the counties of Sumner and Cowley are the only stockholders in the Fort Smith company which are *bona fide,* and have paid in full for the stock issued by that company; and further, that the Fort Smith company, the consolidated company, and the Atchison company, which has received the receipts and earnings of the Fort Smith company, which are large, and greatly in excess of the outlays and necessary expenses, have neglected and refused to declare any dividends upon the capital stock owned by the county of Sumner, and that there are in the hands of the Atchison company large sums of money which it is using for its own benefit, to the exclusion of the county of Sumner as a stockholder, and that the latter company refuses to make any accounting whatever with the county as a stockholder.

It is next alleged that the county of Sumner, being a *bona*

*fide* and fully-paid-up stockholder in the Fort Smith company, is entitled to an accounting of all the earnings and profits of the Fort Smith company, and also to the complete and full possession of the railroad built and constructed under and by virtue of the charter of that company for the benefit of its *bona fide* stockholders, and that the issuing and delivery to the Atchison company of the capital stock of the Fort Smith company, and the consolidation of the companies, as has been stated, as well as the leasing of the consolidated roads to the Atchison company, and the obtaining of the certificates of capital stock in the Fort Smith company owned by the county of Sumner, were acts done in pursuance of a conspiracy and combination on the part of the Atchison company, and its officers, directors, and stockholders, for the purpose of enriching the Atchison company at the expense and injury of the county of Sumner, and to defeat the county from obtaining any benefit or value by reason of its investment in the stock of the Fort Smith company.

The prayer of the petition is, that the Atchison company be compelled to account for all moneys received by it as earnings, profits or otherwise from the Fort Smith company since the organization of that company; and next, that the Atchison company and Fort Smith company be compelled to account for all moneys received from the sale of the mortgage bonds issued by the Fort Smith company; and further, that it account for all the capital stock of the Fort Smith company actually sold, and for full consideration therefor at the time of the sale thereof; and further, that the Atchison company be compelled to deliver into court for cancellation all the certificates or shares of the capital stock of the Fort Smith company issued to it without consideration paid therefor; and further, that a judgment be rendered against the Wichita & Southwestern Railroad Company, the Harvey County Railroad Company, and the Wichita & Southwestern Railway Company, decreeing and declaring the articles of consolidation to be null and void so far as the road constructed under the Fort Smith company is concerned; and further, that judg-

ment be rendered against the Wichita & Southwestern Railway Company and the Atchison company, decreeing and declaring the lease made between these companies to be null and void; and finally, that the Atchison company be compelled to deliver the complete possession of the railroad built under the charter of the Fort Smith company, and all property belonging to that company, to the county of Sumner.

The motion to separately state and number the several causes of action contained in the petition should have been allowed, and the plaintiff below should have been required to state more definitely and fully some of the matters attempted to be set out. As will readily appear, several causes of action are grouped and blended together in the petition, some of which are not well pleaded. The plaintiff below first asks that the Atchison company be compelled to account for the proceeds of the mortgage and municipal bonds which it is alleged were wrongfully paid over to the Atchison company. Another cause of action is to recover from the Atchison company the rents, profits and earnings of the Fort Smith railroad from the time it was built until the commencement of the action. Another cause of action against the Atchison company is stated where they ask the cancellation of 11,994 shares of the capital stock of the Fort Smith company, which it is alleged were issued and delivered to the Atchison company without consideration. The foregoing causes of action are against the Atchison company and primarily in favor of the Fort Smith company. The county of Sumner seeks relief on the ground that it is a stockholder in the Fort Smith company, and before it can maintain an action in its own name it must appear from the averments of the petition that it has in good faith but without success attempted to secure action by the officers of the corporation, or that a demand for their action would be unavailing. There is no allegation that a demand was made upon the officers of the corporation, nor any facts stated as an excuse for omitting such demand. The next cause of action

*1. Action—misjoinder of causes—practice.*

*3. Corporate wrongs—action by stockholder, when.*

is to set aside the consolidation effected by the union of the Harvey County Railroad Company, the Wichita & Southwestern Railroad Company, and the Fort Smith Railroad Company, under the name of the Wichita & Southwestern Railway Company. In this cause of action no relief is sought against the Atchison company, but only against the consolidated companies which entered into the consolidation, some of which have not been served or otherwise brought into court. Another distinct cause of action is in favor of the plaintiff below and against the consolidated company and the Atchison company, to cancel the lease of the consolidated road to the Atchison company for a term of years. Another ground of relief is asked against the Atchison company in recovering the certificates of stock in the Fort Smith company belonging to the county, which it is alleged were wrongfully obtained and withheld by the Atchison company. And finally, it is asked that the railroad constructed under the charter of the Fort Smith company, and all the property connected with that road, be delivered into the possession of the county of Sumner.

Most of these causes of action are distinct from each other, and, under the requirements of the code, should have been separately stated and numbered. They are not only separate and distinct as to the subject-matter set out and the relief sought, but some of the parties named as defendants, and who are interested in one or more of the causes of action, have no interest or concern whatever in others. Neither the Harvey County Railroad Company nor the Wichita & Southwestern Railroad Company is interested in the causes stated for the cancellation of the stock in the Fort Smith company alleged to have been wrongfully obtained by the Atchison company; nor have they any interest in the branch of the case in which the plaintiff asks to recover the proceeds of the municipal and mortgage bonds alleged to have been wrongfully paid to the Atchison company. And they have no interest in the action for the recovery of the earnings of the Fort Smith road from its

*2. Two actions, not to be united.*

construction until the time of the consolidation. Several of the parties are not interested in the demand for the recovery of the certificates of stock in the Fort Smith company belonging to the county, which it is charged were wrongfully obtained and are now withheld by the Atchison company. The Atchison company is not one of the consolidating companies, and that company is not interested in the cause of action to secure the annulment of the consolidation.

Treating the allegations of the petition as though they had been separately stated and numbered, as we may (*Stewart v. Balderston,* 10 Kas. 131), we will examine the first ground of demurrer insisted upon, namely, that several causes of action are improperly joined. Those in favor of the Fort Smith company against the Atchison company cannot be properly united with causes in favor of Sumner county against the consolidated company and the companies from which it was formed. Neither can the cause in favor of the county against the Atchison company and the consolidated company to annul the lease be joined with the one to declare void the consolidation. We have seen that some of these causes affect parties that are not concerned in other causes which have been stated, and, as said in *Lindh v. Crowley,* 26 Kas. 47, "It will not do to unite in one pleading a cause of action against two or more with a cause of action against a part of the defendants only." See, also, *Haskell County Bank v. Bank of Santa Fé,* ante, p. 39. Indeed, it would seem from what is shown in the record that the action to annul the consolidation should be brought by the attorney general in the name of the state. In some of the allegations and arguments in behalf of the county, the continued existence of the Fort Smith company is claimed, while in others the extinguishment of the corporation by the organization of the consolidation is assumed. If consolidation has been successfully accomplished, the Fort Smith and other constituent companies no longer exist, and the plaintiff below must obtain its rights as a stockholder against the consolidated company. Even if the proceedings were irregular or wrongful in some respects, the intelligent acquiescence or ratification of

the stockholders in such a consolidation would make it good and bind the stockholders. It would seem that the first and most important step in this litigation should have been the determination of the validity of the consolidation, and if it is set aside, then some of the relief sought by the plaintiff below might be obtained. On the other hand, if it should be upheld as against the complaining stockholders, they would be concluded on several of the matters that are the subjects of complaint. Ordinarily the original or consolidated charter of a corporation should be attacked only at the instance of a public officer and in the name of the state. Cases may arise where such an action can be maintained at the instance of a constituent company, or a stockholder of the same, where the consolidation is void, and the officer whose province it is to bring such an action refuses to act; but it is not charged that the attorney general or county attorney had refused to institute an action to establish the invalidity or nonexistence of the corporation attempted to be created by the consolidation. It is conceded that the forms prescribed by the statute for the consolidation of railway companies have been observed in organizing the consolidated company. The articles of agreement have been filed with the secretary of state, and ever since that time, and for more than 10 years, the companies so organized have been exercising corporate powers, and had been assuming to be and to act as a corporation for more than five years before the amended petition was filed.

4. Corporations — consolidation — action to try validity, by whom brought. In such a case a proceeding to inquire into the validity of the consolidation and have it annulled should be brought in the name of the state by the proper prosecuting officer. (*C. K. & W. Rld. Co. v. Comm'rs of Stafford Co.*, 36 Kas. 128; *In re Short, Petitioner*, 47 id. 250, and cases cited; *Bell v. Railroad Co.*, 10 Atl. Rep. 741; *Terhune v. Potts*, 47 N. J. L. 218; *Rice v. National Bank*, 126 Mass. 303.)

Several other questions are suggested in the briefs of counsel, but they cannot be properly or satisfactorily determined until the petition and pleadings have been reformed and cor-

rected. For the reasons stated, the judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.