Doan v. Holly.

———◦◦◦———

DOAN *et al.*, Defendants in Error, v. HOLLY *et al.*, Plaintiffs in Error.

1. Where several causes of action are joined in the same petition they must be separately stated.
2. It is improper to join in the same petition a cause of action against A. and B. with one against B. alone.

*Error to Andrew Circuit Court.*

This was a suit on a promissory note for $5532.03 executed by defendants, Henry T. Walker and Charles F. Holly, and also to foreclose a mortgage executed in behalf of plaintiffs—the members of the firm of Doan, King & Co., the payees of said note—by Holly, one of the makers. Plaintiffs in their petition set forth substantially the execution of the note in their favor by defendants; that Holly and wife, for the purpose of securing the note, a portion of which was admitted to be paid, mortgaged by deed dated March 18, 1856, certain tracts of land; that the amount of said note and interest except the credit of $300 is yet due; and " they ask judgment for the same with the damages allowed them by law. They further ask that the equity of redemption of

defendants in and to the mortgaged premises be forever foreclosed, and that said mortgaged property be sold to satisfy the amount due plaintiffs."

The defendants were served with process more than twenty days before the April term, 1857, of the Andrew circuit court. On the third day of the term, no answer having been filed, judgment by default was rendered against defendants. Defendants moved the court to set aside the judgment for the following reasons : 1st, because said judgment being rendered on the third day of the term of the court at which defendants were required to appear and answer said action, and before the end of said term of court the judgment was rendered in violation of law and against the rights of the defendants ; 2d, because said judgment was rendered before the expiration of the time allowed by law to the defendants to file their answer to the action of the plaintiffs ; 3d, because the facts stated in the petition praying for the foreclosure of the mortgage mentioned in the petition do not authorize the rendition of a final judgment foreclosing said mortgage until the next term of the court after a rendition of a judgment by default for want of an answer. The court overruled this motion and rendered judgment against defendants for $5566, and ordered that the same be levied of the mortgaged property ; and further ordered, that, in case the mortgaged premises were insufficient to satisfy the debt and costs, then the same should be levied of any other goods and chattels, lands and tenements belonging to the said defendants.

*Loan,* for plaintiff in error.

I. The material question presented by the record in this case is involved in the construction of sections 24, 25 and .26 of article 6 of the code of practice. These sections authorize a judgment at the first term in suits only which are founded solely on a bond, bill or note for the direct payment of money or property. But the petition in this case also asks for the foreclosure of the mortgage. The foreclosure of the mortgage is a matter of substance. (McNair v. Mullanphy's Ex-

ecutor, 8 Mo. 188.)   This case seems to be analogous to the case of Custe v. Pettus, 6 Mo. 497 ; and the rule of construction adopted in that case will exclude this case from the operation of the 24th, 25th and 26th sections aforesaid.

*A. H. Vories*, for defendant in error.

I. The only question presented by the record in this case is the ruling of the circuit court in rendering final judgment at its first term.   That such judgment is right, see 2 R. C. 1855, tit. Practice in Civil Cases, secs. 24, 25 & 26, p. 1235. The suit really is founded upon the note of defendants, and the mortgage is only an incident thereto—a security for the debt.   The mortgage is in contemplation of law a bond for the direct payment of money, and as such stands for trial at the present term.   The answer must be filed within the first two days of the term.

SCOTT, Judge, delivered the opinion of the court.

It would always be well if a party before he commences his suit would determine in his own mind what he is suing for.   The neglect of this precaution has involved this proceeding in great irregularity.   Was this intended as a suit on the note, or as a proceeding to foreclose a mortgage given to secure the payment of the note, or was it thought that it would answer for both of these purposes ?   If the established construction of the present practice act, which requires that when several causes of action are joined in the same petition, they must be stated in several counts and not all blended together in one count, had not been disregarded, the irregularity of this proceeding would have been glaring.   Here are two causes of action united in the same petition.   One of these causes of action is against one party, and the other is against the same party and a third person.

Notwithstanding the great liberality of the present practice act in relation to the joinder of actions, it is conceived that there is nothing contained in it which gives the slightest sanction to the joining of actions in which the defendants are not the same, not in part but in the whole.   The defendant

Walker was no party to the mortgage ; why then was he brought into court to contest the proceedings under it ? Was he to be subject to the expense of an action in which he had no concern ? Thousands of dollars might have been spent in this litigation, and if such a course is tolerated as has been adopted in this instance, he would be liable for them. There is but one judgment here and that against both defendants. Being against both defendants, it must be founded on the note, as that is the only cause of action which would warrant a judgment against both of them. Where then is the judgment or authority that will confer a right to sell the mortgaged property ? There was no use in joining an ordinary action on the note with a petition for the foreclosure of the mortgage. Will not the proceedings on the mortgage answer all the ends of both ? If there is service of the process the statute authorizes a general judgment. This, though only irregular and leading to unnecessary length of proceeding, would not constitute a fatal error when the parties to both causes of action are the same ; but it is quite otherwise when the defendants are not all the same, and when there is but one judgment against all of them, as in the present case. The judgment will be reversed, that the parties may amend so as to show for which cause of action they are suing, as both can not be united in one suit. Reversed and remanded ; Judge Ryland concurring ; Judge Leonard absent.