CHARLES P. MILLER v. THE NORTHERN BANK OF MISSISSIPPI.

1. PLEADINGS: ACT OF 1850: AMENDMENT: WHEN JUDGMENT REVERSED FOR ERROR IN AMENDMENT.—Under the Pleading Act of 1850, the circuit judges are vested with a very broad discretion on the subject of amendments, and this court will not reverse a judgment, for an alleged error in the exercise of this discretion, unless it be manifest that the party complaining of its exercise has been injured thereby.

2. SAME: AMENDMENT: WHAT TIME APPLIED FOR.—Four years after the commencement of the suit, will not be too late for the plaintiff to apply for leave to amend his complaint, so as to make it correspond with the proof contained in the deposition of a witness, if the application be made at the first term after the taking of the deposition, and if it do not appear that the plaintiff knew the facts proven by the witness, before his deposition was taken.

3. PLEADING: CANNOT UNITE JOINT AND SEPARATE DEMANDS IN SAME ACTION.— The plaintiff cannot, even under the inartificial and untechnical system of pleading authorized by the Act of 1850, unite in his complaint a count upon a joint demand against two or more defendants, with a count upon a separate demand against one of them.

4. SAME: EFFECT OF DISMISSAL AS TO ONE, OF SUIT AGAINST TWO, IN REFERENCE TO ALLOWING AMENDMENTS.—The dismissal as to one, of a suit brought against two defendants, upon a joint demand against both, does not alter the complaint or change the character of the action; and hence, even after such dismissal, it will be improper to allow the plaintiff to amend his complaint, by inserting a new count upon a separate demand against one of the defendants.

5. PARTNERSHIP: PLEADING: SUIT ON A PARTNERSHIP CONTRACT, AS A JOINT CONTRACT OF ALL THE PARTNERS, MUST BE PROVEN AS ALLEGED.—Partnership contracts are by statute declared to be joint and several; and hence, one member of a copartnership may be sued and a recovery had against him upon a contract of the firm, as upon his individual contract. But where a suit is brought upon a partnership contract, as upon a joint contract, a recovery cannot be had against any member of the firm, unless the contract be proven as alleged.

6. PRACTICE: AMENDMENT: WHEN MADE AFTER JOINDER IN DEMURRER, THE DEMURRER OUGHT TO BE DISCHARGED.—Where, after a demurrer to the evidence, and a joinder thereon, the plaintiff, under leave granted to amend his complaint so as to make the pleadings correspond with his proof, inserted a count upon a separate demand against one of the two defendants to the original complaint,—the suit having been dismissed as to the other,—it was held, that if the propriety of the amendment were conceded, it was the duty of the court to have discharged the demurrer, and to allow the defendant to plead to the new count.

IN error from the Circuit Court of Tippah county. Hon. P. T. Scruggs, judge.

*F. Anderson* and *T. J. Wharton*, for plaintiff in error,
Cited *Burrus* v. *Fisher*, 5 Cushm. 518.

*Clapp* and *Strickland*, for defendant in error.
1. The demand in the original complaint being against Miller & Son, and they, if liable at all, being liable severally, if the proof sustains the demand against either, the plaintiff is entitled to recover; and it was, therefore, unnecessary to amend. *Lyons* v. *Jackson*, 1 How. Miss. 474; *Fairchild* v. *Grand Gulf Bank*, 5 How. Miss. 604; *Woodhouse* v. *Lee*, 6 S. & M. 165; *Peyton* v. *Scott*, 2 How. Miss. 870.
2. The amendment was authorized, if necessary, by the Acts of 1840 and 1850; it was the duty of the court to direct amendments to be made, so as to try the case on its merits. *Wharton* v. *Porter*, 10 S. & M. 307; *Shields* v. *Taylor*, 13 Ib. 130; 4 S. & M. 649; *Green* v. *Wright*, 8 S. & M. 360.

*O. Davis*, on same side.

SMITH, C. J., delivered the opinion of the court.

From the imperfect manner in which this record is made up, we are not certain that we understand the precise order in which the various acts of the parties and the court transpired. But, taking the abstract furnished by the counsel for the defendant in error, as our guide, we will proceed to state the facts, upon which arise the questions presented in the argument of counsel.

This suit was brought, in 1852, by the Northern Bank of Mississippi, against Charles P. and Oliver R. Miller, alleged to be merchants, doing business in partnership, under the firm name of C. P. Miller & Son, to recover a sum of money, obtained by them from the bank. The defendants answered, denying the alleged indebtedness; and, in September, 1853, the cause, upon that issue, was submitted to a jury, who found for the bank. The verdict then rendered was set aside in this court, and the cause was remanded for a new trial. In September, 1855, a second verdict was ren-

dered for the bank, which was also set aside, and a new trial granted.    At the March term of the court, in 1856, the suit, as to O. R. Miller, was dismissed.    There was no alteration or amendment of the pleadings; but the defendant, C. P. Miller, it seems, supposing that the discontinuance, as to O. R. Miller, converted the suit into a new action, for a new and distinct cause, under leave, filed a second answer, in which he set up the Statute of Limitations, averring that plaintiffs' "cause of action did not accrue within three years next before the commencement of the suit against him individually."

At the following term of the court, September, 1856, another answer was filed by the defendant, averring "that more than three years had elapsed, after the making of the account sued on, before the discontinuance, as to O. R. Miller, and the prosecution of the same against him individually."    To which the plaintiff demurred, and his demurrer was sustained, with judgment of *respondeat ouster*. Upon this state of the pleading, the case was put to a jury, and the testimony for the plaintiff being closed, the defendant demurred to the evidence.    Issue was joined upon the demurrer; whereupon, before action was had thereon, leave was granted to the plaintiff to amend his complaint, so as to make the pleadings conform to the proof.    He then filed two additional counts, each of which contained a separate and individual cause of action against the defendant.    After the pleadings were thus amended, the defendant applied for leave to file a third answer, in which he alleged, "that more than three years had elapsed before the making of the account sued on, and before the filing the second and third counts" (under the leave to amend), which said counts charge and set up "an individual demand against the defendant." · Leave was refused, the issue upon the demurrer was decided adversely to the defendant, and judgment accordingly entered against him; whereupon he sued out this writ of error.

The questions in the cause arise under the "Pleadings Act" of 1850.

It is objected that the application for leave to amend the complaint was not made in time, and hence, that it was error for the court to allow the amendment to be made.

While we hold that parties are bound to diligence in the prepa-

ration of causes for trial, we are compelled, under the provisions of the act, to recognize, in the circuit judges, a very broad discretion on the subject of amendments. And hence, have adopted the rule, that we will not reverse for an alleged error in the exercise of that discretion, unless it be manifest that the party complaining of its exercise has thereby been injured.

The testimony of Hedges was taken upon commission, which issued in July, 1856; and it does not appear that the plaintiff or counsel knew the facts which would be proved by him before it was taken. Hence, although the suit was commenced in 1852, the September term, in 1856, was the first occasion, after Hedges's deposition was taken, when the plaintiffs could have applied for leave to amend the pleading. We do not think, therefore, that in consequence of laches on their part, the plaintiffs were debarred of the right to amend.

But a more difficult question is presented by the character of the amendment which was proposed and allowed.

The original complaint sets up a joint demand against Charles P. & O. R. Miller, charging them as partners in a mercantile firm. The amendments made in the pleading consisted of two additional counts to the complaint. The first charges C. P. Miller with an individual indebtedness of $995 16, for money lent to him. The second alleges an individual indebtedness of $1000, for money received by him for the use of the plaintiffs.

These amendments were made with the expressed object of conforming the pleadings to the proofs; the evidence of Hedges tending to establish the separate liability of C. P. Miller, and not a demand against the firm of Miller & Son. Now, if it were conceded that the original complaint, and the counts added thereto by way of amendment, charged the same identical cause of action, the question arises whether the added counts were an amendment which, consistently with the established rules of pleading, should have been allowed.

The forms of proceeding prescribed by the Act of 1850, have rendered many of the rules of pleading inapplicable. But we apprehend that no construction can be put upon that act which would authorize a suit to be brought against two or more individuals for distinct and separate liabilities. A man cannot (for similar objec-

tions apply), in the same action, sue two or more persons upon a joint contract, and one of them upon a separate and distinct liability. In other words, it would be illegal to embrace in the same complaint a charge or count against A., B., & C., founded upon their joint note, and a charge against them based upon the individual note of C.

This was the precise effect produced by the amendment made to the pleadings. The complaint, as it was amended, united a joint demand against both of the defendants, with a separate demand against one of them. It is true the writ, at a previous term, had been dismissed as to one of the defendants, but the complaint remained unaltered, and the act of dismissing the suit as to him could not change the character of the demand.

All partnership contracts are declared, by statute, to be joint and several. And one member of a copartnership may be sued, and a recovery had against him upon a contract of the firm to which he belongs, or upon his individual contract. But where suit is brought upon a partnership contract, as upon a joint contract, a recovery cannot be had against any member of the firm, unless upon sufficient proof of the contract as alleged.

The testimony of Hedges and Ellis, the witnesses introduced by the bank, proved clearly enough the indebtedness of Chas. P. Miller. But their evidence in nowise tended to prove a partnership liability. For Chas. P. Miller seems to have been used as a sort of agent for the purpose of getting the notes of the bank into circulation. And there was no evidence that the money was obtained with the knowledge or consent of O. R. Miller, or that it was used or intended to be used in the business of the firm.

It is certain, therefore, that the evidence did not justify the judgment, if it were confined to the issue joined upon the original complaint. And we presume that this was the reason which induced the amendment. On the 'other hand, the evidence sustained the counts which were introduced under the leave to amend, and hence would have authorized the judgment.

But these counts alleged other and distinct causes of action from that which was set up in the original complaint; at least such is their technical import. Hence, if it were admitted that the amendment was proper and legal under the circumstances, the defendant

was, unquestionably, entitled to file an additional answer, presenting any legal defence which he might have. Indeed, as the case, in consequence of the amendment, had assumed a different aspect from that under which the demurrer to the evidence was given, it was the duty of the court, of its own motion, to discharge the demurrer to evidence, and to order the defendant to answer. Instead, however, of pursuing that course, the court, when there was no issue joined upon the counts which were inserted under the leave to amend, proceeded to render judgment on the demurrer. This was error, for which we reverse the judgment, and remand the cause, with leave to both parties to amend their pleadings.