[Owen v. Bankhead.]

# Owen *v.* Bankhead.

82   399
127   428
82   399|
131   476|

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Amendment of bill; when not allowable.*—After a decree has been rendered, declaring and enforcing a vendor's lien, and the lands have been sold under it, an application to amend the bill, by correcting the numbers of the land, comes too late at a subsequent term.

2. *Amendment of decree nunc pro tunc.*—When a final decree has been rendered, ordering a sale of lands, and describing them by government numbers as stated in the bill, the decree can not be amended at a subsequent term, *nunc pro tunc*, by correcting a mistake in the numbers, as disclosed by the evidence.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. THOMAS COBBS.

This case was before the court on appeal during the December term, 1884, and is reported in 76 Ala. 143. The bill was filed on the 13th August, 1878, by Mrs. Martha H. Owen and Edward P. Shackelford, the latter suing as the administrator of the estate of M. W. Mayes, deceased, against Wm. S. Bankhead and others, as the personal representatives and heirs at law of George M. Garth, deceased; and sought to enforce an alleged vendor's lien on a tract of land. The lands were particularly described by government numbers, and were said to be in "range seven (7) west." In July, 1885, after the reversal and remandment by this court, the cause being submitted for decree on pleadings and proof, the chancellor rendered a decree, declaring a vendor's lien on the lands, and ordering an account to be stated by the register; and on the 28th August, 1885, the register's report being read and confirmed, which showed a balance of $5,865.38 due to the complainants, he rendered a final decree in their favor, ordering the lands to be sold by the register, unless this sum was paid within thirty days after the adjournment of the court; and in this decree the lands were particularly described as in the bill, and were said to be in "range seven (7) west." The register advertised and sold the lands under the decree, Mrs. Owen becoming the purchaser at the price of $1,600; and he reported the sale to the next ensuing term (February, 1886) of the court. At the same term, the complainants asked leave to amend their bill, by correcting a mistake in the description of the lands, alleging that they were situated in

range eight (8) west, and that this fact was shown by the record and written evidence on file. The chancellor refused to allow the amendment, holding that he had no power to grant it. At the next term, August, 1886, the complainants submitted a motion to amend the decree *nunc pro tunc*, by correcting the mistake in the description of the lands; and this motion also the chancellor overruled and refused. The two decrees refusing leave to amend are now assigned as error.

W. P. CHITWOOD, for the appellant, cited *Taylor v. Harwell*, 65 Ala. 1; *Kemp v. Lyon*, 76 Ala. 212; *Whorley v. Railroad Co.*, 72 Ala. 20; *Lilly v. Larkin*, 66 Ala. 122; *Summersett v. Summersett*, 40 Ala. 596.

R. C. BRICKELL, and CABANISS & WARD, *contra*.

STONE, C. J.—A final decree had been rendered in this cause, and under it the register had made sale of the lands the bill sought to have sold. At a subsequent term, application was made for leave to amend the bill. The application came too late. The final decree, and adjournment of the court, placed the subject of that decree beyond the power of the chancellor to alter any thing therein decided. *Ex parte Cresswell*, 60 Ala. 378; *Cochran v. Miller*, 74 Ala 60; *Marshall v. McPhillips*, 79 Ala. 145.

Nor can the complainants obtain relief by decretal order *nunc pro tunc*. The decree follows the original bill in giving the numbers of the land. If we were to order an amendment of the decree, so as to make it correspond with the numbers furnished in the evidence, there would be a variance between it and the averments of the bill. In other words, we would be giving to complainants relief they had neither asked for, nor, by their averments, shown themselves entitled to. Such relief as this can not be obtained by decree or judgment *nunc pro tunc*. We can not presume the chancellor intended to grant relief that was not asked for; and on a motion such as this, we can make no order which we feel assured he neither made, intended to make, nor could properly have made on the pleadings before him. *Taylor v. Harwell*, 65 Ala. 1; *Emerson v. Heard*, 81 Ala. 443; 1 So. Rep. 197; *Barton v. Barton*, 75 Ala. 400; *Guilmartin v. Wood*, 76 Ala. 204.

Affirmed.