UNITED STATES v. McCOY et al.[1]

(District Court, S. D. Alabama. January 21, 1893.)

1. PLEADING—AMENDMENT—ADDING INDIVIDUAL TO JOINT CLAIM.
    When suit for a trespass committed by a partnership is brought against individuals as doing business under the firm name, it is not permissible to amend by adding a claim against one partner alone.
2. SAME—SURPLUSAGE.
    When a suit for a trespass committed by a partnership is brought against individuals as doing business under the firm name, it is surplusage, and not allowable, to amend by adding the name of one partner individually, inasmuch as by the form of the action he is already embraced.

At Law. On motion to amend complaint brought against Franklin J. McCoy and B. E. Brooks, doing business under the firm name and style of the Wilson Lumber Company, by adding the name of "Franklin J. McCoy, individually." Denied.

M. D. Wickersham, U. S. Dist. Atty., for the motion.

G. L. & H. T. Smith, opposed.

TOULMIN, District Judge. The two defendants, Franklin J. McCoy and B. E. Brooks, are individually liable for the acts of the partnership of which they were members, and the complaint is against them individually as well as against the partnership for the trespass complained of as having been committed by them doing business under the firm name and style of the Wilson Lumber Company. Superadding the name of Franklin J. McCoy and the word "individually" could not make him any more liable therefor, if that is the purpose. The amendment proposed is therefore useless and unnecessary, would be mere surplusage, and should not be allowed for that reason. Beavers v. Hardie, 59 Ala. 573. But if the purpose of the amendment is to embrace in the same suit an individual demand against Franklin J. McCoy, and a demand against the partnership of which he was a member, it is not permissible. The two separate demands cannot be joined in the same suit. Beavers v. Hardie, supra; Miller v. Bank, 34 Miss. 412; Lynch v. Thompson, 61 Miss. 360.

The statute of Alabama authorizes the amendment of the complaint by adding new parties defendant upon such terms and conditions as the justice of the case may require; but this statute is construed to mean that only such parties defendant may be added as were liable in the given cause of action at the time of the commencement of the suit. Burns v. Campbell, 71 Ala. 289. The given cause of action, as shown by the complaint in this suit, is a trespass committed by Franklin J. McCoy and B. E. Brooks, doing business under the firm name and style of the Wilson Lumber Company, and is not a trespass committed by Franklin J. McCoy individually. If the name of Franklin J. McCoy as one of the company had been omitted, it could be added by amendment. But it was not omitted. The amendment proposed is therefore not allowable, and the motion for leave to make the same must be denied.

[1] Reported by Peter J. Hamilton, Esq., of the Mobile, Ala., bar.