THE CITIZENS' STATE BANK v. J. B. FRAZEE.

No. 514.

PLEADING—*Misjoinder of Causes of Action.* Where a cause of action arising out of a partnership transaction is joined with one arising out of an individual transaction there is a misjoinder.

Error from Barber district court; G. W. McKAY, judge. Opinion filed March 20, 1899. Reversed.

*Thomas B. Wall*, and *G. M. Martin*, for plaintiff in error.

*Sankey & Campbell*, and *C. W. Ellis*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This action was brought in the district court of Barber county by the defendant in error Frazee to recover usurious interest which he claimed to have paid to plaintiff in error The Citizens'

State Bank.   The petition alleged, in substance, that the plaintiff was a member of a partnership, and that on certain dates the partnership borrowed money of the defendant and gave therefor promissory notes; that on all of said notes the defendant collected and the plaintiff and his partners paid to said defendant interest at the rate of one and one-half per cent. per month and that defendant collected said interest in advance, and that said interest was usurious, and the plaintiff paid one-fourth part of said interest and usury therein as collected by said defendant; and that, on certain other dates, the plaintiff, individually, gave to defendant certain promissory notes, on some of which he paid interest at the rate of one and one-fourth per cent. and upon others interest at the rate of one and one-half per cent. per month, and that such interest was paid in advance and was usurious.

The defendant demurred to the petition, stating, among other grounds of demurrer, that there was a defect of parties plaintiff, and that several causes of action were improperly joined in the petition.   The court overruled the demurrer, and the defendant, having elected to stand upon its demurrer, brings the case here for review.

We think that the demurrer should have been sustained.  · The plaintiff attempted to unite a cause of action arising out of a partnership transaction with one arising out of an individual transaction.   From the averments of the petition, it appears that upon the notes given by the partnership the interest was paid in advance or incorporated into the notes.   The notes were paid by the partnership and the interest was therefore paid out of partnership funds, and, this being true, the plaintiff could not bring an action to recover usurious interest paid by the partnership.   All the mem-

bers of the firm should be joined. There was, therefore, so far as the cause of action arising out of the partnership transaction is concerned, a defect of parties plaintiff, and as the action arising out of the partnership transaction was joined with one arising out of an individual transaction, there was a misjoinder of causes of action.

Defendant in error in his brief asks that the petition in error be dismissed, for the reason that the certificate of the clerk of the district court to the transcript is insufficient. Objection is also made to the consideration by this court of the petition in error because no motion for a new trial was made in the court below. While the certificate of the clerk is long and contains many things that are unnecessary, we think that it complies substantially with the requirements of the statute.

It was not necessary for defendant to file a motion for a new trial in order to entitle it to have the ruling of the court on the demurrer reviewed by this court. (*Water-Supply Co. v. Dodge City*, 55 Kan. 60, 39 Pac. 219.) The judgment of the district court is reversed.