SPENCER v. CANDELARIA WATERWORKS & MILLING CO.,
Limited, et al.

(Circuit Court, D. Nevada. November 10, 1902.)

No. 721.

**1. ACTIONS—JOINDER—PLEADING.**
Where a complaint alleged a cause of action for the value of certain stocks and bonds sold by plaintiff to one of the defendants, a second cause of action for services rendered by plaintiff to both defendants, and a third for services to the other defendant alone, it was demurrable for misjoinder of causes of action, under Cutting's Comp. Ann. Laws, § 3159, authorizing joinder of actions against several defendants only when each case exists against all of the defendants jointly sued.

On Demurrer.

M. A. Murphy, for plaintiff.

W. E. F. Deal, for defendant Candelaria Waterworks & Milling Co., Limited.

HAWLEY, District Judge (orally). This action was originally brought against the Candelaria Waterworks & Milling Company, Limited. A demurrer was interposed to the complaint on various grounds, and before any action was taken thereon the plaintiff asked leave to file an amended complaint by adding the White Mountain Water Company, a corporation, as a defendant therein.

There are four causes of action separately stated in said complaint, to wit: (1) A cause of action for the value of certain shares of stock and mortgage bonds of the White Mountain Water Company of Nevada, sold by plaintiff to the Candelaria Water Company; (2) for legal services rendered by plaintiff to the defendants at their special instance and request; (3) for services rendered by plaintiff as secretary of the White Mountain Water Company of Nevada; (4) for services as a clerk in making out the annual report of the White Mountain Water Company for the year 1889.

No service has been had on the White Mountain Water Company. The defendant the Candelaria Water Company has interposed a demurrer to the separate causes of action, on the ground, among others, that the complaint does not state facts sufficient to constitute a cause of action, and, generally, upon the ground that "several causes of action have been improperly united in said amended complaint, to wit, a cause of action under paragraph 5 against the Candelaria Waterworks & Milling Company, Limited, alone, and a cause of action under paragraph 7 against the White Mountain Water Company of Nevada alone, and causes of action under paragraphs 6 and 8 against the defendants jointly." The causes of action are of such a character that they might all be properly united in one suit under the provisions of section 64 of the practice act of this state, if the causes of action exist against the same person or persons. Section 3159, Cutting's Comp. Ann. Laws.

The causes of action are separately stated; but the objection to these causes of action is that, from the averments of the complaint,

¶ 1. See Action, vol. 1, Cent. Dig. §§ 511, 524, 525, 528.

it affirmatively appears that the different causes of action are not against both of the defendants, jointly or severally. No allegation is contained in the fifth clause of the complaint that shows any liability upon the part of the White Mountain Water Company, defendant herein, for the value of the bonds and stock sold by plaintiff to the defendant the Candelaria Water Company. Under the averments of the complaint, this cause of action is against the Candelaria Water Company alone. The causes of action stated in paragraphs 6 and 8 are each for a cause of action against the defendants jointly, while the cause of action in the seventh paragraph for services as secretary for the White Mountain Water Company appears to be against that company alone. These different causes of action are improperly united. A cause of action against one defendant cannot be united with a cause of action against the other defendant, nor can such separate causes of action be united with causes of action against both defendants. Atchison, T. & S. F. R. Co. v. Board of Com'rs of Sumner Co., 51 Kan. 617, 630, 33 Pac. 312; Addicken v. Schrubbe, 45 Iowa, 315; Berg v. Stanhope, 43 Minn. 176, 45 N. W. 15; Wills v. Shinn, 42 N. J. Law, 138, 140; Society v. Wolpert, 80 Ky. 86; Moore v. Platte Co., 8 Mo. 467; Higgins v. Crichton, 11 Daly, 114; Faust v. Smith, 3 Colo. App. 505, 34 Pac. 261; Smith v. Morgan (Tex. Civ. App.) 56 S. W. 950; Nichols v. Drew, 94 N. Y. 22, 26.

The relations between the two corporations which would render them either jointly or severally liable upon the different causes of action are not disclosed in the complaint. There are no facts stated which make this point clear, certain, or definite. Take, for example, the first cause of action set forth in paragraph 5, which avers "that on the ―――― day of ――――, 1885, the Candelaria Waterworks & Milling Company, Limited, one of the defendants above named, acquired an alleged title to the property and rights of a corporation theretofore incorporated and existing under and by virtue of the laws of the state of New York, known as and commonly called White Mountain Water Company of Nevada, and thereafter, to wit, on or about the 15th day of May, 1885, at the special instance and request of the defendants above named, this plaintiff sold, assigned, and set over to the defendant the Candelaria Waterworks & Milling Company, Limited, one thousand seven hundred and fifty (1,750) shares of the capital stock of said White Mountain Water Company of Nevada, at an agreed price of two thousand five hundred dollars, one first mortgage bond of said White Mountain Water Company of Nevada, No. 325, at an agreed price of five hundred dollars, and four second mortgage bonds of said White Mountain Water Company of Nevada, Nos. 243, 244, 245, and 246, at an agreed price of five hundred dollars each; and this defendant, the Candelaria Waterworks & Milling Company, Limited, promised and agreed to pay this plaintiff, for the said shares of stock and the said bonds, the sum of five thousand dollars, with interest thereon," etc. Surely, these facts do not show any liability against the White Mountain Water Company. So, in paragraph 7, the facts alleged that "on or about the 22d day of June, A. D. 1884, this plaintiff was elected the secretary of the White Mountain Water Company of Nevada, and

was to be paid a reasonable compensation for said services; that from on or about the said 22d day of June, A. D. 1884, until the 31st day of December, 1888, this plaintiff served the defendants as such secretary,"—do not state any cause of action against the Candelaria Water Company. It is not shown that plaintiff was employed at the special instance and request of said corporation, or that it promised to pay him for such services. The fact that plaintiff was elected secretary of the White Mountain Water Company, and was to be paid a reasonable compensation for such services, implies that said corporation would alone be responsible therefor. To hold the other corporation liable for such services, it would be necessary to show that for a valuable consideration it had assumed the debt or agreed to pay for such services.

These causes of action do not, as they now stand, affect both defendants, and, under the rule hereinbefore stated, are not capable of being joined with the other causes of action against both of the defendants.

Why the original complaint was amended so as to make the White Mountain Water Company a party defendant was not disclosed by any fact brought to the attention of the court. It was asked for by plaintiff and granted as a matter of course. In the original complaint all four causes of action were stated against the defendant Candelaria Waterworks & Milling Company alone; and with the exception of the one for services as secretary were, apparently, although perhaps defectively, properly averred against that defendant alone. The amended complaint has complicated, instead of making clear, the objections urged to the original complaint. Under the liberal rules which prevail in applying the provisions of section 68 of the practice act of this state (section 3163, Cutting's Comp. Ann. Laws), the plaintiff will be given the opportunity to again amend the complaint so as to conform to the true facts as they exist, either by striking out the name of one of the defendants, and leaving out the cause or causes of action against it, or by amending so as to show, if he can, by proper averments, that the various causes of action are properly united against both.

The demurrer is sustained.