# CHARLESTON.

MALSBY *v.* LANARK CO.

Submitted March 1, 1904—Decided March 29. 1904.

1.  ACCOUNTS—*Partnership—Misjoinder.*
    A count upon an individual demand cannot be joined with a

count upon a partnership demand in a declaration, neither partner being dead. It is a misjoinder of counts, and is fatal to the declaration on demurrer. (p. 486.)

2.    COUNTS—*Misjoinder.*
    Misjoinder of counts in a declaration is fatal to the declaration upon demurrer. (p. 486.)

Error to Circuit Court, Raleigh County.

.    Action by L. W. Malsby against the Lanark Fuel Company. Judgment for plaintiff, and defendant brings error.

*Reversed.*

J. H. HATCHER, and LAING & FILE, for plaintiff in error.

H. A. DUNN and FARLEY & HONAKER, for defendant in error.

BRANNON, JUDGE:

This is an action of *assumpsit* in the circuit court of Raleigh county by L. W. Malsby v. Lanark Fuel Company, in which the plaintiff recovered by verdict and judgment $222.30, and the defendant brings the case to this Court. The defendant demurred to the declaration and each count, but the demurrer was overruled. The first count is the common count in *indebitatus assumpsit* for goods sold, "for work *furnished* by the plaintiff for the defendant," for money laid out for defendant, and upon account stated. The second states a written contract between L. W. Malsby and Company, by which Malsby and Company agreed to grade sidings, inclines and pit for a drum house and build a drum house, trestle and chute, and some other work. It avers that L. W. Malsby and Company was composed of L. W. Malsby and L. T. Marshall when the contract was made, but that before the work began Marshall withdrew from the firm leaving L. W. Malsby as successor to L. W. Malsby & Company, and that all the work done was by L. W. Malsby as such successor. The third count avers an oral contract between Malsby and defendant for the doing of the work.

There is a misjoinder of counts. The first and third counts aver a contract by Malsby as an individual with the defendant, the second a contract between a firm and defendant. The contract having been made by the firm remained the contract of

the firm after the dissolution, because dissolution does not affect uncompleted contracts. The liability to do the work still rested on the firm, and when one partner did the work he did it for the firm in execution of a contract of the firm, and the legal right to pay for it vested in the firm. Right of action on it was vested in the firm as late partners. The cause of action accrued under a firm contract. The firm continued as to this contract. Bates on Partners, sections 707, 711, 22 Eng. & Am. Ency. L., (2d ed.) 217; Story on Partners, sec. 325; *Houser* v. *Irvine,* 38 Am. Dec. 768. Both partners living, the right of action was joint in them. A partnership demand cannot be joined with an individual demand, unless one partner is dead leaving the demand to survive to him alone, as then he has the sole legal title. 15 Ency. Pl. & Pr. 914, 919. "The consequences of a misjoinder of counts, or causes of action, are more material than in a case of the single count being defective; for in the case of misjoinder, however perfect the counts may be in themselves, the declaration will be bad on *general demurrer,* but not under our statute of jeofails (V. C. 1873, chapter 177, section 3, chapter 169, section 2,) on motion in arrest of judgment, or on writ of error, unless a demurrer had been put in and overruled." (1 Chit. Pl. 237 *et seq.*) 4 Minor, 448; 2 Tucker, 204.) "When there is a misjoinder of counts, a demurrer for this cause will be a general demurrer to the whole declaration, not to a particular count, or a paticular breach, or to any other part of a count. This principle is in no wise inconsistent with that which requires a demurrer to a particular count, or a particular part of a court, in order to make available an objection applicable merely to a count or part of a count. For in the case of a mis·joinder, the objection is no more applicable to any one count or part of a count, than to any other. The objection is, that the plaintiff has joined causes of action which the law does nor allow to be joined; and the objection, if sustained, necessarily shows that the whole declaration is bad." 1 Robinson's (old) Prac. 284 See 4 Minor, 1161. "After demurrer for misjoinder the plaintiff cannot cure it by *nolle proseqi.*" 2 Tidd's Prac. 735. The title, the legal title, to this demand being in the partners, both must join. How could a demand from the

execution of a partnership contract be joined with an individual demand?

It cannot be thought that because the second count says that Marshall withdrew from the firm "leaving said L. W. Malsby the successor to L. W. Malsby and Company," and the work was done by the plaintiff as such successor, it is in effect an assignment. After dissolution there is no successor. It has no legal meaning here. One is no more successor than the other. And there is no allegation of a contract of assignment between the partners. The pleader only means that by reason of the plaintiff doing the work he, in law, was entitled to the demand, which is not the case, for it belonged to both, subject to settlement and firm debts. The law requires legal certainty in pleading, and the word used to aver withdrawal of one member and that the other was successor the whole averment is indefinite, uncertain, capable of other interpretation than that of assignment. No form can be found in common law pleading avering assignment would warrant this. *State* v. *Aler,* 39 W. Va., 549; Hogg. Plead & Forms, 59.

We, therefore, reverse the judgment, set aside the verdict, and render judgment for the defendant on the demurrer to the declaration, because of misjoinder of counts. There being no declaration, it is improper to pass on other questions.

*Reversed.*

DENT JUDGE, *(dissenting)* :

I cannot concur in the conclusion in this case because it is unreasonable and productive of gross injustice. The sole ground for dismissing the action is a misjoinder of causes of action in different counts. The second count is said to be a partnership demand for which one partner cannot sue separately. If this were true, of course the misjoinder would be improper. The count, however, shows on its face that the plaintiff claims the whole beneficial interest in the demand sued upon, and when the writing is produced by order of the court, it shows the plaintiff alone may sue upon it as it is a contract in his own name. Hence, the count, if badly defective, is amendable, and if this action is dismissed all the plaintiff can do is to bring another suit in his own name, in the same cause of action, with proper allegations showing that he is the

sole beneficiary thereof. To promote substantial justice the trial court may permit amendments at any time before final judgment. Section 8, chapter 131, Code.

A defendant may not crave oyer to a writing not under seal, but he may have an order from the court permitting an inspection of the writing, which is equivalent to the same thing as oyer, and when the writing is produced, it shows that it has been misdescribed in the count, which should be accordingly amended. An. Steph's Pleadings, 160. When so amended, there is no misjoinder, for a partner has the right to sue for a partnership demand.

First: When the beneficial interest is in him and the other members of the firm are nominal, and this is a question of evidence. 1 Chitty Plead. 11, 12.

Second: Where the contract is made with him in his own name. Dicey on Parties to Actions, p. 174—s. p. 153.

In the present case both these principles are combined. The count shows the plaintiff claims, though it may be improperly, the whole beneficial interest, and the contract shows it was made in his own name for his own benefit. Hence the count, if bad, is amendable. Not to permit its amendment, is gross injustice and forces him to bring his suit over again without reason, not in the partnership names or in the names of the partners, but in his own name for a claim in which he alone is interested.

As shown by the allegations and contract, Marshall was a mere nominal partner with no substantial interest in the partnership, and no legal interest in the claim in suit. Dicey on Parties to Actions, 172, 173.

This has nothing to do with the merits of the case but by the dismissal, instead of determining the case on the merits, the parties are simply sent back to begin over again. The decision, therefore, is unjust to both parties, when it might have ended the litigation.