BROWN v. WILLIAMS.

No. 149.    Opinion Filed July 13. 1909.)

(103 Pac. 588.)

**PARTNERSHIP—Actions Against Partners.** In an action against H.,
S., & B., as partners, it was error for the trial court to admit
evidence tending to charge B. with the indebtedness on his in-
dividual promise to pay.

(Syllabus by the Court.)

*Error from Pushmataha County Court; L. P. Davenport, Judge.*

Action by N. R. Williams against W. J. Brown and others.
Judgment for plaintiff against defendant Brown, and he brings
error.    Reversed and remanded.

*A. J. Arnote* and *C. E. Dudley,* for plaintiff in error, citing:
23 Cyc. pp. 400, 401, 404, 425-428, 433; *Citizens' Bank v. Frazee,*
8 Kan. App. 638.

*John Cocke,* for defendant in error.

TURNER, J.    On January 3, 1908, N. R. Williams, defendant
in error, plaintiff below, sued W. J. Brown, plaintiff in error,
defendant below, and H. A. Higgs and W. C. Spencer, as partners,
in the county court of Pushmataha county, in the first count on a
duebill dated December 20, 1907, for $251.41, payable direct to
him and signed by H. A. Higgs; and in the second count on an-
other duebill dated December 16, 1907, for $17.20, payable to
John Males, signed by Higgs and transferred by said Males,
to plaintiff.    He also prayed for attorney's fees.    Spencer was not
served with process and made no appearance.    Higgs filed answer,
in effect, admitting the indebtedness, but denying liability for
attorney's fees.    Later Brown answered and denied the existence
of the alleged partnership between himself, Higgs, and Spencer,
or either of them; denied that he promised to pay for any part
of the said work and his liability for attorney's fees.    After ap-
plication for a change of venue and for a continuance were filed

by Brown and overruled, the cause proceeded to trial to a jury, which resulted in a verdict in favor of plaintiff for $272, upon which judgment was rendered against Brown only, from which he brings error to this court.

To establish the alleged partnership, plaintiff introduced evidence tending to show: That Brown had assisted Higgs and Spencer in the purchase of a tract of timber land near the Jumbo mines, and also of a sawmill to saw up the timber, with the understanding that Brown was to take the cut of the mill and pay them $12.50 therefor, $6 of which was to be advanced when the lumber was cut and stacked and checked on the mill yard; that the same was to be hauled to Brown's planer, 16 miles away; that he was to pay Hamby $1 per 1,000 for the timber and pay the haulers for hauling the lumber from the mill to the planer and apply the balance due Higgs and Spencer on the purchase price of the machinery until paid for; that he also assisted them in the purchase of an engine and boiler and signed the notes to secure the purchase price; that Higgs and Spencer put up the said machinery and ran it, employed the labor, and paid the hands; and that, after financial depression resulted in the closing down of the mill, this suit was brought for work and labor there performed.

The only assignment necessary for us to notice is that the court erred in permitting plaintiff, over defendant's objection, to prove, in substance, that, prior to the performance of the labor represented by the duebills sued on, Brown told the payees therein, at a time when it was doubtful whether they would receive pay for any future work performed at said mill, that if they would continue to work there he would pay them for their labor, and by following it up with an instruction to the jury, excepted to at the time, that:

"If you find from the evidence that W. J. Brown, prior to the doing of the work sued on in this action, promised plaintiff that he would do the work, he (Brown) would pay for it, and that on the strength of said promise plaintiff did the work, then

he would be entitled to recover in this action, if in fact no partnership existed."

This was error. The petition states a cause of action against a partnership alleged to be composed of Higgs, Spencer, and Brown. The suit is to charge them as such on two duebills signed by Higgs as manager for the firm. Had the plaintiff by amendment sought to set forth in another count a cause of action against Brown alone on this his express promise to pay these duebills in his individual capacity, plaintiff would not properly have been permitted so to do, for the reason that the same would have constituted a misjoinder of causes of action, as it is well settled that it is improper to join in the same petition a cause of action against A. and B. with one against B. alone.

This is a general rule and was so expressly held in. *Doan et al. v. Holly et al.,* 25 Mo. 357. This was a suit on a promissory note executed by Henry T. Walker and Chas. T. Holly and to foreclose a mortgage executed to the payee therein by said Holly and wife. The court, after inveighing against the confusion in the pleadings, said:

"Here are two causes of action united in the same petition. One of these causes of action is against one party, and the other is against the same party and a third person. * * * Notwithstanding the great liberality of the present practice act in relation to the joinder of actions, it is conceived that there is nothing contained in it which gives the slightest sanction to the joining of actions in which the defendants are not the same, not in part, but in the whole. *, * * The judgment will be reversed, that the parties may amend so as to show for which cause of action they were suing, as both cannot be united in one suit."

*Miller v. Northern Bank of Mississippi,* 34 Miss. 412, was a suit brought by that institution against Oliver R. Miller and Charles. P. Miller, as partners under the firm name of C. P. Miller & Son, to recover a sum of money obtained by them from the bank. Defendants denied the indebtedness, and at a term thereafter the suit was dismissed as to O. R. Miller. Without change in the pleadings, C. P. Miller filed a second answer, setting up the statute of limitation, which was demurred to and the demurrer

sustained. The cause then went to trial, and at the close defend-
ant demurred to the evidence. Before it was passed on, plaintiff
was granted leave to amend his complaint so as to make the plead-
ings conform to the proof. He then filed two additional counts,
each of which contained a special and individual cause of action
against defendant. The demurrer to the evidence was then over-
ruled, and judgment entered against defendant, whereupon he
sued out a writ of error. In passing, the court said:

"The original complaint sets up a joint demand against
Charles P. and O. R. Miller, charging them as partners in a mer-
cantile firm. The amendments made in the pleading consisted of
two additional counts to the complaint. The first charges C. P.
Miller with an additional indebtedness of $995.16 for money lent
to him. The second alleges an individual indebtedness for $1,000,
for money received by him for the use of the plaintiffs. These
amendments were made with the expressed object of conform-
ing the pleadings to the proofs; the evidence of Hedges tending
to establish the separate liability of C. P. Miller, and not a de-
mand against the firm of Miller & Son. Now, if it were conceded
that the original complaint, and the counts added thereto by way
of amendment, charged the same identical cause of action, the
question arises whether the added counts were an amendment
which, consistently with the established rules of pleading, should
have been allowed. * * * A man cannot in the same action
sue two or more persons upon a joint contract, and one of them
upon a separate and distinct liability. In other words, it would
be illegal to embrace in the same complaint a charge or count
against A., B., and C., founded upon their joint note, and a
charge against them based upon the individual note of C. This
was the precise effect produced by the amendment made to the
pleadings. The complaint, as it was amended, united a joint de-
mand against one of them"—
and reversed and remanded the case. The following cases sup-
port this doctrine: *United States v. McCoy et al.* (D. C.) 54 Fed.
107; *Sleeper & Co. v. World's Fair Banquet Hall Co. et al.,* 166
Ill. 57, 46 N. E. 782; *Owen v. Bankhead,* 82 Ala. 399, 3 South.
97; *Citizen's Bank v. Frazee,* 8 Kan. App. 638, 56 Pac. 506;
*Malsby v. Lanark Co.,* 55 W. Va. 484, 47 S. E. 358; *Jamison,
Adm'r, v. Culligan et al.,* 151 Mo. 410, 52 S. W. 224; *McDaniel*

*v. Chinski,* 23 Tex. Civ. App. 504, 57 S. W. 922; *Spencer v. Candelaria Waterworks, etc.* (C. C.) 118 Fed. 921.

For the reason, then that this separate demand against Brown could not have been properly joined in the same action to enforce a demand against Higgs, Spencer & Brown, as partners, testimony in support of such demand was inadmissible in evidence, and, for the reason that the court improperly admitted the same, this cause is reversed and remanded for a new trial.

Dunn, Hayes, and Williams, JJ., concur; Kane, C. J., not participating.