## MALOY v. JOHNSON *et al.*

No. 1571.   Opinion Filed February 6, 1912.

(121 Pac. 257.)

**ACTION**—**Joinder of Causes of Action.** Where an attorney is alleged to have fraudulently procured the conveyance of his client's property to his wife, and the attorney's wife has conveyed the property to a third person, who had full knowledge of the facts, and where facts are alleged showing that a resulting trust would arise in favor of the client against his attorney's wife, it is not an improper joinder of causes of action for the client, as plaintiff, to sue the attorney, his wife, and the third person, for the purpose of having a trust declared, and recovering damages for the wrongful detention of the property.

(Syllabus by Ames, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by David F. Maloy against Dock Johnson, C. T. Huddleston, and Lena W. Huddleston to cancel deeds and to recover damages for the unlawful detention of real estate. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*J. A. Baker* and *Winston T. Banks,* for plaintiff in error.

Opinion by AMES, C. This case was decided on demurrer. The ground of the demurrer was that two causes of action were

improperly joined in the petition. This demurrer was sustained, and judgment rendered for the defendants. The only question involved, therefore, is whether the petition has improperly joined two causes of action.

For a first cause of action against Dock Johnson, one of the defendants, the plaintiff alleged that he was the owner of certain described land, entitled to the immediate possession thereof; that Dock Johnson unlawfully keeps the plaintiff out of possession; and that he has been damaged in the sum of $500 thereby. For a second cause of action against the defendants, the plaintiff alleged that in 1905 he purchased the land from one Culberson Sharpe; that at that time the defendant C. T. Huddleston acted as his attorney; that the deed was taken and recorded; that thereafter the said Huddleston informed the plaintiff that there was some defect in his title, and plaintiff thereupon employed Huddleston to correct the defect, and agreed to pay him $100 for his legal services; that thereafter he learned that the said Huddleston represented to the original grantor, Sharpe, that he desired another deed to the plaintiff, correcting this defect, and that by this representation he induced Sharpe to execute another deed, which was not, as he thought, to the plaintiff, but in fact to Mrs. Huddleston, the wife of C. T. Huddleston; that thereafter Huddleston caused his wife to convey the said land to the other defendant, Johnson; that all three of the defendants had full and complete knowledge of the fraud which had been practiced; that Mrs. Huddleston paid nothing for the land, and, at the time of the conveyance from her to Johnson, Johnson had full knowledge of the facts, and at that time the plaintiff was in possession by a tenant; that Johnson thereupon, by "tampering" with the tenant, procured an assignment of his lease and went into possession thereunder, and thereafter set up his claim to the land. The petition further alleges that the deeds to Mrs. Huddleston and to Johnson created them trustees of the title for his use and benefit.

It will be observed from this statement of the petition that the second paragraph is merely a fuller statement of the facts on which plaintiff bases his right to recover against Johnson, than that alleged in general terms in the first paragraph. Comp. Laws 1909, sec. 5623, provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of either one of the following classes:

"1. The same transaction, or transactions, connected with the same subject of action.

"6. Claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of the same.

"7. Claims against a trustee, by virtue of a contract, or by operation of law.

"But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, except in actions to enforce mortgages or other liens."

In *Tootle v. Kent,* 12 Okla. 674, 73 Pac. 310, Kent, Brady, and McPhee were partners, doing business in Oklahoma City. Tootle and others were partners, doing business in Missouri. By apparent collusion between McPhee and Tootle, the stock of merchandise belonging to Kent, Brady, and McPhee was taken possession of by Tootle under a chattel mortgage and the store closed. Kent sued Brady and McPhee, and the members of Tootle's firm, for dissolution of his partnership, for an accounting, for a receiver, and for damages by reason of the fraudulent and wrongful acts of the defendants in closing the store. It was held that these causes were properly united in the same petition, as they both grew out of the same transaction, or transactions connected with the subject of the action.

In *Aylesbury Mercantile Co. v. Fitch,* 22 Okla. 475, 99 Pac. 1089, 23 L. R. A. (N. S.) 573, the sixth paragraph of the syllabus is as follows:

"Causes of action in tort may be joined in separate counts in the same petition with causes of action in contract, when they all arise out of the same transaction, or transactions connected

with the same subject of action and affect all the parties to the action."

In *Murphy v. Crowley et al.,* 140 Cal. 141, 73 Pac. 820, the fourth paragraph of the syllabus is as follows:

"Under the Code, declaring that plaintiff may unite several causes of action in the same complaint, where they all arise out of claims against a trustee by virtue of a contract or by operation of law, an alleged heir is entitled to unite a cause of action against her foster mother to set aside certain deeds by her foster father to the mother, on the ground of undue influence and mental incapacity, with an action against a purchaser, with notice, of other land from the mother, which had been conveyed to her by the father under similar circumstances."

In *Waters v. Brownlee,* 136 Ga. 182, 71 S. E. 6, the first paragraph of the syllabus is as follows:

"A petition by children, alleging that their father purchased land, taking the title in his own name, and used their money in part payment of the purchase price, and that subsequently the land was bought at sheriff's sale, under process against their father, by others, with notice of an implied trust, who sold to others, who also had notice of the trust, and in the petition both the father and those ultimately holding under the purchaser at sheriff's sale being defendants, and the prayers being to declare a trust and for an accounting against each for the mesne profits during the time the respective defendants were in possession of the land, is not multifarious, nor subject to objection on the ground that there is a misjoinder of parties defendant. See *Conley v. Buck,* 100 Ga. 187, 28 S. E. 97."

This subject is discussed in Pomeroy's Code Remedies (3d Ed.) pars. 452-458, and in *Emerson v. Nash,* 124 Wis. 369, 102 N. W. 921, 70 L. R. A. 326, 109 Am. St. Rep. 944.

We are of the opinion that the demurrer was improperly sustained, and for that reason that the case should be reversed and remanded.

By the Court: It is so ordered.