## BRYAN et al. v. SULLIVAN.

No. 6550. Opinion Filed January 25, 1916.

(154 Pac. 1167.)

**ACTION—Joinder of Causes.** While, under sec. 4738, Rev. Laws 1910, several causes of action may be joined in one suit, they cannot be so joined, except in actions to enforce mortgages or other liens, unless each cause of action stated affects each of the parties to the suit.

(Syllabus by Collier, C.)

*Error from District Court, Comanche County;
J. T. Johnson, Judge.*

Action by D. F. Sullivan against John Bryan and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*W. C. Stevens,* for plaintiffs in error.

*H. N. Whalen,* for defendant in error.

Opinion by COLLIER, C.   January 5, 1912, defendant in error instituted an action against plaintiffs in error, stating what purport to be three causes of action, and the petition, omitting caption, filing marks, and formal parts, and omitting the justification exhibits and affidavits to the exhibits thereto, was as follows:

"Comes now the plaintiff, D. F. Sullivan, and makes the following general allegations, which are intended to be applicable to and form a part of the several causes of action hereinafter set out: * * * That on or about the 1st day of February, 1910, in an action pending in the district court in and for the county of Comanche, State of Oklahoma, wherein John Bryan, one of the defendants herein, was plaintiff, and D. F. Sullivan, this plaintiff, was defendant, the said John Bryan obtained an order of injunction, enjoining this plaintiff, D. F. Sullivan, from in any way or manner interfering with or molesting the said defendant, John Bryan, his agent or tenant, in the possession, enjoyment, and use of the premises described in said petition, to wit: The S. E. 1/4 of section 12, township 2 N., R. 13 W., I. M., Comanche county, State of Oklahoma, until the further order of this court. And to obtain said injunction, the said John Bryan as principal, and F. B. Rivers as surety, executed and filed with the clerk of said court in said action a written undertaking, approved by said clerk, in the amount of $500, binding themselves to pay to this plaintiff, D. F. Sullivan, the damages he might sustain if it should be finally decided that said injunction ought not to have been granted. A copy of said bond is hereto attached, marked 'Exhibit A,' and made a part hereof.

"Plaintiff further alleges:   That on or about the 7th day of February, 1911, the said cause came regularly on for hearing by the court at chambers, upon the motion of plaintiff herein to dissolve the injunction, and that upon consideration of the evidence adduced and the argument of counsel on behalf of the plaintiff and defendant, and being fully advised in the premises, the court rendered judgment in favor of this plaintiff and against defendant, John Bryan, and an order was entered dissolving said injunction.   A copy of the judgment and order dissolving said injunction is herewith filed as a part hereof, marked 'Exhibit B.'   That from said judgment dissolving said injunction aforesaid, defendant, John Bryan, secured an appeal to the Supreme Court of the State of Oklahoma, a supersedeas in said judgment, and a stay of execution.   And to obtain said supersedeas and stay of execution aforesaid, the defendant, John Bryan, as principal, and F. B. Rivers and M. A. Nelson as sureties, executed and filed with the clerk of said court in said action a written understanding approved by said clerk in the sum of $1,500, binding themselves to pay to this plaintiff, D. F. Sullivan, the damages he might sustain, including a reasonable attorney fee and all costs, if it should be finally decided that said injunction ought not to have been granted.   A copy of said bond is hereto attached, marked 'Exhibit C,' and made a part hereof.   That the Supreme Court of the State of Oklahoma did, at the November, 1911, term on the 14th day of November, 1911, render an opinion in said cause on appeal to said Supreme Court from the district court of Comanche county, as aforesaid, dismissing said appeal, and issuing its mandate to said district court for proceeding according to the judgment in said court.   A copy of said order and mandate from the Supreme Court is hereto attached, marked 'Exhibit D,' and made a part hereof.

"Plaintiff further alleges that on the trial of said action on the 21st day of December, 1910, and the consideration of the case by the court and jury on the merits of the action, judgment was rendered in favor of this

plaintiff and against said defendant, John Bryan, and an order was entered restoring said D. F. Sullivan to the possession of said premises from which he had been enjoined by issuing of said injunction. A copy of said judgment and order is hereto attached as part hereof, marked 'Exhibit E.' From the verdict of the jury and order of the court finding in favor of this plaintiff as aforesaid, the defendant prayed on appeal to the Supreme Court, and to obtain said appeal a stay of execution and supersedeas of said judgment, the said defendant, John Bryan, as principal, and Ed B. Rivers as surety, executed and filed with the clerk of said court in said action a written undertaking, approved by said clerk in the amount of $1,000, binding themselves to pay to this plaintiff, D. F. Sullivan, the damages he might sustain from any waste committed on said premises, and to pay to plaintiff the value of the use and occupancy of said premises from the date of said undertaking until the delivery of said premises pursuant to said judgment and to pay all costs, if it should be finally ·decided that said judgment should be sustained. A copy of said appeal bond is hereto attached as part hereof, and marked 'Exhibit F,' That said defendant, John Bryan, secured extensions of time from time within which to make and serve case-made for the Supreme Court, and continued to hold possession of said premises, whereby the several causes of action have accrued on the said bonds hereinafter set out.

"*First Cause of Action.* The said plaintiff hereby refers to the general allegations preceding this cause of action, and, further to inform the court, states: That by reason of the procurement of the said injunction and the appeal from said order dissolving the same to the Supreme Court of the State of Oklahoma, he was damaged as follows, to wit: (Here follows a detailed statement of the damages averred to have been sustained, aggregating the sum of $2,686.20). That by reason of the premises and the issuance of the injunction as aforesaid, this plaintiff has been damaged in the aggregate sum of $2,686.20 and asks judgment against the defend-

ants, John Bryan and F. B. Rivers, and each of them, in the full sum thereof on their bonds as aforesaid and against the defendant M. A. Nelson in the sum of $1,500 as surety on said bond aforesaid.

"*Second Cause of Action.* That the said plaintiff hereby refers to the general allegations preceding the first cause of action herein, and makes the same a part thereof, and further alleges and says that by reason of the appealing by said defendant John Bryan, from the order and judgment of the court and the verdict of the jury in behalf of the plaintiff rendered on December 21, 1910, and the supersedeas bond by the defendants John Bryan and Ed B. Rivers, thus preventing this plaintiff from having the use, occupancy, and benefit of said premises for the year 1911, this plaintiff has been damaged in the sum of $300. as is set out and described in plaintiff's first cause of action, and for which damage the said defendant Ed B. Rivers is liable on his bond, together with the said defendant John Bryan, for the said damage aforesaid.

"Wherefore, plaintiff prays judgment against the defendants John Bryan, Ed. B. Rivers, and each of them, in the sum of $2,686.20, as set out in the first cause of action, and against defendant John Bryan and Ed B. Rivers, and each of them, in the sum of $300, as set out in the said second cause of action, and for his costs herein and all proper relief."

On February 2, 1912, plaintiffs in error each filed a separate demurrer to said petition, the grounds therefor being as follows:

"(1) That there is a defect of parties defendant. (2) That several causes of action are improperly joined, in that there are two causes of action in the first count of plaintiff's petition, founded on two separate alleged bonds, the one signed by John Bryan as principal, and F. B. Rivers as surety, and the other purporting to be signed by John Bryan as principal, and F. B. Rivers and

M. A. Nelson as surety, so that all the parties defendant are not and could not be affected by both of said bonds, and the second alleged cause of action purports to be upon still another alleged bond, purporting to be signed by John Bryan as principal, and Ed B. Rivers as surety, and neither this defendant nor defendant F. B. Rivers is or could be affected thereby. (3) That the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against this defendant."

On August 31, 1912, these demurrers came on for hearing, and each of the same was, by the court, overruled, and exceptions duly saved by each of the defendants separately.

The case was tried to a jury, and the following verdict was rendered:

"We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do, upon our oaths, find in favor of plaintiff, D. F. Sullivan, and against group No. 1 of defendants, John Bryan and F. B. Rivers, and assess plaintiff's damage in the sum of $135; and we further find in favor of the plaintiff, D. F. Sullivan, and against group No. 2 of defendants, John Bryan, M. A. Nelson, and F. B. Rivers, and assess plaintiff's damage in the sum of $900; and we further find in favor of plaintiff, D. F. Sullivan, and against group No. 3 of the defendants, John Bryan and Ed B. Rivers, and assess plaintiff's damages in the sum of $200."

Within the statutory time defendants filed a motion for new trial, which was overruled and exceptions saved and judgment entered in accordance with said verdict. To reverse said judgment this appeal is prosecuted.

Section 4738, Rev. Laws 1910, in part, provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have hereto-

fore been denominated legal or equitable, or both, where they all arise out of any one of the following classes: First. The same transaction, or transactions, connected with the same subject of action. * * * But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, except in actions to enforce mortgages or other liens."

In this case, each of the causes of action counted upon in the petition does not affect each of the parties defendant, for the reason that some of the defendants were in no wise liable upon some of the bonds sued upon. We are of the opinion that it is prerequisite, to the correct joining of causes of action, that all the causes shall affect each one of the defendants to the action. That such prerequisite is the plain letter of said section 4738, *supra,* cannot be questioned, in view of the provision in said section that:

"But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, except in actions to enforce mortgages or other liens."

"Actions against separate sureties upon bonds given to secure different duties cannot be joined." (23 Cyc. 432; *Street v. Tuck,* 84 N. C. 605.)

" 'The test is whether or not the parties joined in the suit have one connected interest centering in the point in issue in the cause, or one common point of litigation.' * * * In other words, all of the plaintiffs and all of the defendants must have a common interest or connection centering in the point in issue." (Section 192, Sutherland, Code Plead. & Pr. & Forms.)

"It will not do to unite, in one pleading, a cause of action by or against two or more with a cause of action by or against a part only of the plaintiffs or defendants. The Codes are express that 'the causes of action so united

* * * must affect all the parties to the action.' * * *"
(Bliss on Code Plead., sec. 132.)

In *Atchison, T. & S. F. Ry. Co. v. Bd. Com'rs of Sumner Co.*, 51 Kan. 617, 33 Pac. 312, it is held:

"A cause of action in favor of the plaintiff, and against one defendant, cannot be united with another cause of action in favor of the same plaintiff against another defendant, where neither defendant is interested in the cause of action alleged against the other."

In *Harrod v. Farrar et al.*, 68 Kan. 153, 74 Pac. 624, it is held:

"Except in actions to foreclose mortgages or other liens, several causes of action cannot be united in one petition unless they all arise out of the same transaction or transactions, and are all connected with the same subject of action, and each cause of action affects all the parties."

"Except in cases to enforce mortgage and other liens, it is a prerequisite to the joinder of causes of action in a pleading that all the causes of action should affect all the parties to the action." (*Benson, Receiver, v. Battey et al.*, 70 Kan. 288, 78 Pac. 844, 3 Ann. Cas. 283, and authorities cited in note.)

In *Aylesbury Mer. Co. v. Fitch*, 22 Okla. 475, 99 Pac. 1089, 23 L. R. A. (N. S.) 573, Justice Dunn cites with approval *Hoye et al. v. Raymond*, 25 Kan. 665, which holds that, though causes of action may be joined, they cannot be united, unless all affect all the parties to the suit.

In *Brown v. Williams*, 24 Okla. 308, 103 Pac. 588, Justice Turner quotes with approval from *Doan et al. v. Holly et al.*, 25 Mo. 357, as follows:

"Here are two causes of action united in the same petition. One of these causes of action is against one

party, and the other is against the same party and a third person. * * * Notwithstanding the great liberality of the present practice act in relation to the joinder of actions, it is conceived that there is nothing contained in it which gives the slightest sanction to the joining of actions in which the defendants are not the same, not in part, but in the whole. * * *"

And he also quotes with approval from the case of *Miller v. Northern Bank of Mississippi*, 34 Miss. 412, as follows:

"A man cannot in the same action sue two or more persons upon a joint contract, and one of them upon a separate and distinct liability. In other words, it would be illegal to embrace in the same complaint a charge or count against A., B., and C., founded upon their joint note, and a charge against them based upon the individual note of C. * * *"

And he cites the following cases in support of said rule:

"*United States v. McCoy et al.* (D. C.) 54 Fed. 107; *Sleeper Co. v. World's Fair Banquet-Hall Co. et al.*, 166 Ill. 57, 46 N. E. 782; *Owen v. Bankhead*, 82 Ala. 399, 3 South. 97; *Citizens' Bank v. Frazea*, 8 Kan. App. 638, 56 Pac. 506; *Malsby v. Lanark Co.*, 55 W. Va. 484, 47 S. E. 358; *Jamison, Adm'r, v. Culligan et al.*, 151 Mo. 410, 52 S. W. 225; *McDaniel v. Chinski*, 23 Tex. Civ. App. 504, 57 S. W. 922; *Spencer v. Candelaria Waterworks, etc.* (C. C.) 118 Fed. 921."

We are of the opinion that the following decisions of this court, cited in brief of, and relied upon by, plaintiff, viz., *Stone v. Case*, 34 Okla. 5, 124 Pac. 960, 43 L. R. A. (N. S.) 1168, *Maloy v. Johnson*, 32 Okla. 92, 121 Pac. 257, and *Tootle et al. v. Kent et al.*, 12 Okla. 674, 73 Pac. 310, are not in conflict with the conclusions reached in this case.

The views herein expressed render it unnecessary to consider the many other errors assigned.

It follows that the several causes of action, alleged in the petition in this cause, were improperly joined, and that the court committed reversible error in overruling the demurrers' thereto.

This cause should be reversed and remanded.

By the Court: .It is so ordered.